# In re Glendi GOMEZ-GOMEZ, Respondent

File A77 482 742 - Harlingen

*Decided December 4, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The Immigration and Naturalization Service met its burden, in an in absentia removal proceeding, of establishing a minor respondent's removability by clear, unequivocal, and convincing evidence, where (1) a Record of Deportable/Inadmissible Alien (Form I-213) was submitted, documenting the respondent's identity and alienage; (2) the respondent, who failed without good cause to appear at her removal hearing, made no challenge to the admissibility of the Form I-213; (3) there were no grounds for a finding that the admission of the Form I-213 would be fundamentally unfair; and (4) no independent evidence in the record supported the Immigration Judge's conclusion that the respondent may not have been the child of the adult who claimed to be the respondent's parent and who furnished the information regarding her foreign citizenship. *Matter of Ponce-Hernandez*, 22 I&N Dec. 784 (BIA 1999), followed.

(2)  The respondent, a minor who could not be expected to attend immigration proceedings on her own, was properly notified of her hearing, through proper mailing of a Notice to Appear (Form I-862) to the last address provided by her parent, with whom she was residing.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Sylvia H. Alonso, Appellate Counsel, and Lisa M. Putnam, Assistant District Counsel

BEFORE:　Board En Banc: SCIALABBA, Chairman; DUNNE, Vice Chairman; HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GRANT, MILLER, HESS, and PAULEY, Board Members. Dissenting Opinion: SCHMIDT, Board Member, joined by GUENDELSBERGER, MOSCATO, BRENNAN, ESPENOZA, and OSUNA, Board Members.

PAULEY, Board Member:

This case was most recently before us on May 17, 2002, when we dismissed an appeal by the Immigration and Naturalization Service from the Immigration Judge's March 6, 2000, decision terminating the minor respondent's removal proceedings. The Service has filed a timely motion requesting en banc reconsideration of our decision. The Service's motion

will be granted.  Upon reconsideration, the appeal will be sustained, our decision will be vacated, and the record will be remanded for further proceedings.

## I.  ISSUES

Two issues are presented in the motion to reconsider:  (1) whether the Service proved that the respondent was removable; and (2) whether the respondent received adequate notice of the removal proceedings and was required to appear.

## II.  PROOF OF REMOVABILITY AND SUFFICIENCY OF THE FORM I-213

### A.  Background

Neither the respondent nor anyone representing her appeared at her hearing on March 6, 2000.  The Service introduced as the sole evidence of the respondent's removability a Record of Deportable/Inadmissible Alien (Form I-213), which was prepared on January 8, 1999,[1] by the arresting Border Patrol agent.  In that document, the agent recounted that he apprehended the 8-year-old female respondent at the Trailways bus station in Brownsville, Texas, during a routine bus check.  The agent noted that the respondent was "in the company" of an adult, who represented that he was her father, Carlos. The Form I-213 indicated that all information therein about the respondent was obtained from Carlos.  This information included the respondent's date and place of birth, as well as a mailing address in Houston, Texas.  Carlos also stated that they were coming to the United States to look for work and that they were natives and citizens of Guatemala, who had entered the United States illegally 2 days earlier by swimming the Rio Grande River from Mexico.

In a decision dated March 6, 2000, the Immigration Judge found, inter alia, that removability had not been established by clear, unequivocal, and convincing evidence.  On May 17, 2002, we affirmed, stating that the Immigration Judge properly declined to rely on the information in the Form I-213 "given the age of the child . . . and the fact that there was no independent evidence submitted to establish either the identity of the person accompanying the respondent or the accuracy of the information provided by that person."

---

[1]  The Immigration Judge mistakenly gave the date as June 8, 1999.

## B.  Discussion

We have consistently held that absent any evidence that a Form I-213 contains information that is inaccurate or obtained by coercion or duress, that document, although hearsay, is inherently trustworthy and admissible as evidence to prove alienage or deportability.  *See Matter of Ponce-Hernandez*, 22 I&N Dec. 784 (BIA 1999); *Matter of Barcenas*, 19 I&N Dec. 609 (BIA 1988).  Likewise, within the jurisdiction of the United States Court of Appeals for the Fifth Circuit, in which this case arises (and generally throughout the country), a Form I-213 is admissible and ordinarily sufficient "for a prima facie case of deportability," whereupon the "burden shifts to the alien to prove that he is here legally" under section 291 of the Immigration and Nationality Act, 8 U.S.C. § 1361 (2000).  *Bustos-Torres v. INS*, 898 F.2d 1053, 1057 (5th Cir. 1990); *see also Espinoza v . INS*, 45 F.3d 308 (9th Cir. 1995); *Matter of Benitez*, 19 I&N Dec. 173 (BIA 1984).

The Immigration Judge nevertheless found that the general rule of *Bustos-Torres v. INS*, *supra*, was inapplicable in this case because the respondent was only 8 years old and the information in the Form I-213 about her alienage was obtained from an individual who the Immigration Judge determined had a motive to lie about his parental relationship to the respondent.  The Immigration Judge accordingly found that the information on the Form I-213 that Carlos provided about the respondent could not be deemed sufficiently reliable, without additional evidence such as the testimony of the arresting Border Patrol agent, to establish alienage, so as to trigger the operation of section 291 of the Act.

We first point out that this is not a case in which information on a Form I-213 is obtained from a minor, as in *Matter of Ponce-Hernandez*, *supra*, and *Matter of Amaya*, 21 I&N Dec. 583 (BIA 1996).  Thus, the considerations and principles of special care when information is obtained from a minor respondent, at issue in those cases, are not directly applicable here.  In this case, the question is the reliability of information about a minor respondent's alienage *obtained from an adult*, who the Service believes is accompanying the minor, and whom it treats as such.  The Immigration Judge properly recognized that in this context, unless some valid cause exists not to credit the information obtained from Carlos on the Form I-213, the general rule of the reliability of that document, as recognized in *Bustos-Torres v. INS*, *supra*, would control and require a finding that the respondent was removable.  It is thus critical to examine the basis on which the Immigration Judge determined that the information on the Form I-213 was not sufficiently reliable.

That basis does not consist of any evidence proffered by the respondent regarding the assertions of fact in the Form I-213.  Indeed, no evidence directly contesting the particulars of the Form I-213 was introduced because the respondent failed to appear.  Rather, the Immigration Judge predicated her

finding of insufficient reliability of the Form I-213 on her belief that adult aliens in her district who are apprehended with minor aliens are motivated to make a false claim of parentage or other familial relationship with the minors because they believe that such a relationship makes it less likely they will be detained.

The Immigration Judge took administrative notice of the "practice of the Service in this part of the country to release without requiring payment of any type of bond adult[s] and juveniles who are traveling together."  In this regard, she alluded to several instances in her experience in which such false claims of parentage were made.  She also cited to a prosecution, of which she was aware, involving aliens renting out their children to other adult aliens seeking to enter this country illegally.  *See United States v. Cabrera*, 288 F.3d 163 (5th Cir. 2002) (involving a child-rental scheme based on a policy of the United States Border Patrol of returning families with children to Mexico rather than detaining them and charging them with illegal entry).  The Immigration Judge concluded that because of this motive to fabricate a parental relationship, the information from Carlos in the Form I-213 about the respondent's alienage (as well as other information relating to proper notice, discussed below) was insufficient, alone, to establish alienage.

The Immigration Judge's finding, while proceeding in part from a laudable desire to protect the rights of alien juveniles, does not withstand analysis and is insufficiently grounded in evidence of record to impugn the contents of the Form I-213 in this case.  *See Matter of Ponce-Hernandez, supra*.  Initially, we note that it is unclear whether the Immigration Judge could properly take administrative notice of circumstances arising in other cases or respecting the practice in her region whereby adult aliens apprehended with juveniles would be accorded more favorable treatment in terms of the Service's release policy.[2]  We need not resolve this thorny question.  Even assuming proper notice was taken, there is no evidence of record regarding the extent of this practice and the degree to which it may result in such adult aliens making false claims of a familial relationship to minors found in their company.[3]

---

[2]  The issue is whether, despite the wide latitude for administrative notice accorded within the Fifth Circuit to agencies such as the Executive Office for Immigration Review, any or all of these matters would be deemed the type of "commonly acknowledged" fact about which administrative notice may legitimately be taken.  *See Rivera-Cruz v. INS*, 948 F.2d 962, 966-68 (5th Cir. 1991); *see also* Board of Immigration Appeals:  Procedural Reforms to Improve Case Management, 67 Fed. Reg. 54,878, 54,902 (2002) (to be codified at 8 C.F.R. § 3.1(d)(3)(iv)) (authorizing the Board to take administrative notice only of "commonly known facts," implying that Immigration Judges are subject to the same standard).

[3]  There are also no specific facts to indicate that Carlos, who claimed to have traveled from Guatemala all the way across Mexico, would have known about the practice prior to crossing the border.  For example, it is not alleged that he crossed with the aid of a smuggler, who might

(continued...)

There is thus a clear and crucial absence of any factual basis for undermining the trustworthiness of the allegations contained in the Form I-213, most importantly the assertions that the respondent is Guatemalan and that Carlos is her father.[4] Moreover, the Form I-213 in this case contains the information that Carlos was "in the company" of the respondent when they were arrested during a routine bus check. Although the Form I-213 notes that "all information" therein came from Carlos, the fact that the two were in each other's company clearly reflects an observational fact of the arresting agent; the information subsequently set forth in the Form I-213 is preceded, as this observation is not, by the words the "father stated." The fact that Carlos was in the company of the respondent, in the setting of a bus depot or on the bus (the Form I-213 is unclear on this point), reinforces the likelihood of a genuine familial relationship between them, as he has asserted.

We emphasize that while generally considered to be reliable and sufficient to establish alienage, not every Form I-213 that alleges alienage must be ultimately so found.[5] The Service would be well advised to include as many indicia of trustworthiness regarding the information in that document as are practicable, such as the source of the information and the circumstances of the alien's apprehension, as was done here.

Unlike the Immigration Judge, we perceive no adequate basis in this instance for discounting the reliability of the information contained in the Form I-213, with respect to both the fact that the adult provider of the information is the respondent's father, as alleged, and the fact that they are aliens from Guatemala. No claim is made that the information in the Form I-213 was obtained through coercion or duress. As previously discussed, the sole basis for doubting its veracity is the Immigration Judge's speculation that the respondent may not be the child of the adult who so alleged and who furnished the information about her Guatemalan citizenship.

---

[3] (...continued)
reasonably be presumed to know the Service's local detention practices and to have imparted them to Carlos. Nor is there any indication that the respondent might be a child provided to Carlos in consideration of the Service policy.

[4] A different case might be posed if, for example, a study had been done showing that the Service's practice of releasing adult aliens with children resulted in a high percentage of false claims of parentage of minor respondents, and such study was properly made part of the record.

[5] In *Matter of Ponce-Hernandez, supra*, we placed great weight on the fact that, as here, no challenge was presented to the information on the Form I-213. But our decision in that case did not go so far as to hold that any allegation of alienage in a Form I-213, however conclusory, is sufficient to meet the Service's burden of proof. *See id.* at 786-87 (noting that there was nothing "facially deficient" about the Form I-213 in that case "that would render it *inadmissible,*" and proceeding to enumerate the "detailed information" therein that caused the Form I-213 to meet the requisite standard for finding alienage and to shift the burden of proof under section 291 of the Act (emphasis added)).

For the reasons set forth above, we find such grounds for questioning the accuracy of the information to be insufficient on this record to overcome the well-settled presumption of reliability that the Form I-213 enjoys and that is necessary to the efficient enforcement of the immigration laws at our nation's borders. We therefore conclude that the Form I-213, like that in *Bustos-Torres v. INS*, *supra*, was sufficient to establish the respondent's alienage, thereby bringing into effect the presumption of unlawful presence in section 291 of the Act. We further find that as a result of the respondent's failure to appear and the absence of any proof of her entitlement to be in the United States, the presumption of her unlawful presence was not overcome.

## III. ADEQUACY OF NOTICE AND DUTY TO APPEAR

### A. Background

As previously indicated, the Form I-213 listed the respondent's address as an apartment in Houston, Texas. On the same day as the Form I-213 was prepared, the respondent was served with a Notice to Appear (Form I-862), signed for by Carlos as her father and giving that same address. The Notice to Appear stated that the respondent's appearance date at the Immigration Court would be calendared. Thereafter, four notices, each changing the date for the respondent's required appearance, and the last setting the date of March 6, 2000, were mailed to the respondent at that address and were not returned to the Immigration Court.

At the March 6, 2000, hearing, neither the respondent nor anyone representing her appeared. However, the Immigration Judge declined to order the respondent removed in absentia and terminated the proceedings instead. As justification for doing so, the Immigration Judge relied, in part, on the lack of adequate notice to the respondent. She determined that because the information on the Form I-213 about Carlos's parental relationship was unreliable, service of the Notice to Appear on him was insufficient to establish notice to the respondent. *See* 8 C.F.R. §§ 103.5a(c)(2)(ii), 236.2 (2002) (providing that service on an alien under 14 years of age shall be made on the person with whom the minor resides).[6]

---

[6] As noted above, the Notice to Appear was addressed to the respondent, rather than to her father. Because they were residing together, we do not find that this technical violation resulted in prejudice to the respondent.

## B.  Discussion

Insofar as the Immigration Judge found the service improper for the same reasons as she found the Form I-213 insufficient to establish alienage, we find her rationale, which is addressed above, to be erroneous.

The Immigration Judge also found, however, that even if Carlos was the respondent's father, he was not required to produce the respondent for her hearing, and that "it would be a fundamental violation of [her] due process rights to penalize [her] for failing to appear . . . given . . . that it is impossible for a child that young to be expected to appear for a hearing on . . . her own."

We disagree.  The Immigration Judge's holding effectively means that no alien under the age of 14 could ever be deported in absentia (at least absent the assignment of an adult guardian to each such alien).  Even if the minor alien received proper notice of the hearing, no one would bear the responsibility for the alien's subsequent appearance, a burden that could also not be placed upon the minor alien.  If that were Congress's intent, section 240(b)(5)(A) of the Act, 8 U.S.C. § 1229a(b)(5)(A) (2000), the statute that mandates entry of an in absentia order when an alien fails to appear, would presumably contain such an exception.

Contrary to the Immigration Judge, we believe it is implicit in the statute and regulations dealing with notice that an adult relative who receives notice on behalf of a minor alien bears the responsibility to assure that the minor appears for the hearing, as required.[7]  *See Matter of Amaya*, *supra*, at 585 (observing that the purpose of the regulation at 8 C.F.R. § 103.5a(c)(2)(ii) is to provide for service upon the "person or persons who are most likely to be responsible for ensuring that an alien appears before the Immigration Court at the scheduled time"); *cf. also Gonzalez v. Reno*, 212 F.3d 1338, 1348-54 (11th Cir.), *cert. denied*, 530 U.S. 1270 (2000).  Accordingly, we conclude that the respondent was properly notified of her hearing, through mailing to the address provided by her father, with whom she was residing.

## IV.  CONCLUSION

We find that the respondent's removability was established by the Form I-213 submitted into evidence by the Service.  We find further that she was properly notified of her hearing.  Accordingly, we conclude that the Immigration Judge erred in terminating removal proceedings and in failing to

---

[7]  See also 8 C.F.R. § 236.3(b)(3) (2000), which provides that where a parent is detained or outside the United States, a juvenile may be released to another person designated by the parent as able to care for the juvenile, if the person executes an agreement to ensure the juvenile's presence at all future proceedings.  This regulation implies that the parent also bears such an obligation.

enter an in absentia order of removal. The following orders will therefore be entered.

**ORDER:** The motion to reconsider en banc by the Immigration and Naturalization Service is granted, the appeal is sustained, and our prior decision in this matter is vacated.

**FURTHER ORDER:** The decision of the Immigration Judge terminating proceedings against the respondent is vacated, and the record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

*DISSENTING OPINION:* Paul Wickham Schmidt, Board Member, in which John Guendelsberger, Anthony C. Moscato, Noel Ann Brennan, Cecelia M. Espenoza, and Juan P. Osuna, Board Members, joined

I respectfully dissent.

I agree with the Immigration Judge and our prior panel decision that the removal proceedings against this unrepresented minor respondent should be terminated and that the appeal of the Immigration and Naturalization Service should accordingly be dismissed.

## I. ISSUES

The two issues in this case are (1) whether the Record of Deportable/Inadmissible Alien (Form I-213) is clear, unequivocal, and convincing evidence of the respondent's removability; and (2) whether notice mailed to the alleged father of this child is legally sufficient. Like the Immigration Judge, I answer both of these questions negatively.

## II. FACTS

The majority adequately sets forth the facts. The most important undisputed facts are as follows: (1) the respondent was 8 years old at the time of her apprehension by the Border Patrol at the Trailways bus station in Brownsville, Texas; (2) the respondent has never been in contact with the Immigration Court; (3) the respondent is unrepresented; (4) the Form I-213 prepared by the Border Patrol agent at the time of apprehension is the sole evidence of this minor respondent's removability; (5) the Form I-213 was prepared from information about this child furnished by "Carlos," who purported to be her father; (6) neither Carlos nor the Border Patrol agent appeared to testify before the Immigration Judge.

## III.  LAW

The relevant case on the adequacy of the Form I-213 is *Matter of Ponce-Hernandez*, 22 I&N Dec. 784 (BIA 1999).  There, we held that in the absence of reason to doubt the reliability of the information contained in the Form I-213, that document is presumed to be accurate and can constitute clear, unequivocal, and convincing evidence of deportability, even in a case involving an unrepresented minor respondent under the age of 16.

With respect to notice, we have found notice to be adequate for a minor where there is clear, unequivocal, and convincing evidence that notice is served on "the person or persons who are most likely to be responsible for ensuring that [the minor] alien appears before the Immigration Court at the scheduled time."  *Matter of Amaya*, 21 I&N Dec. 583, 585 (BIA 1996).

## IV.  ANALYSIS

### A.  Removability

Applying *Matter of Ponce-Hernandez*, *supra*, to this respondent's situation, the Immigration Judge found that there was reason to doubt the reliability of this particular Form I-213.  Consequently, the Immigration Judge concluded that the Service had not satisfied its burden of establishing this child's removability by clear, unequivocal, and convincing evidence.  *See* section 240(b)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(A) (2000).

Significantly, the Immigration Judge (and our prior panel decision) recognized the important differences between this respondent and the respondent in *Ponce-Hernandez*.   The respondent in *Ponce-Hernandez* was much older—15 years old, as opposed to 8 years old.  He provided the information on alienage and deportability directly to the agent, rather than having it provided by a third party.  Finally, unlike our minor respondent, the 15-year-old respondent in *Ponce-Hernandez* was personally served with the charging document, a permissible procedure under 8 C.F.R. § 103.5a(c)(2)(ii) (2002) when dealing with respondents over 14 years of age.

A number of significant factors support the Immigration Judge's conclusion that this Form I-213 is not "clear, unequivocal, and convincing" evidence of removability.  First, this respondent was only 8 years old.  Second, she never appeared before the Immigration Court.  Third, there was no attorney or other legal representative of this minor respondent present at the hearing to protect her rights.  Fourth, the information on the Form I-213 was obtained from a third party, Carlos.  Fifth, there is no proof that Carlos actually is this respondent's father or that he is otherwise related to, or responsible for the well-being of, this child.  Sixth, Carlos did not appear to testify before the

Immigration Judge. Seventh, the Border Patrol agent also did not appear to testify. Eighth, Carlos had a logical and plausible motivation for misrepresenting his relationship with this minor respondent, i.e., to increase his own chances of release from custody. Ninth, the overall circumstances of apprehension while the subjects were in transit at a Trailways bus station are more likely to produce inaccurate information than when the apprehension takes place in a more stable community setting.

In the overall circumstances of this case, I would defer to the Immigration Judge's reasonable application of *Ponce-Hernandez* to find that the presumption of accuracy of the Form I-213 was rebutted. I therefore would affirm her conclusion that the Service did not establish this minor respondent's removability by clear, unequivocal, and convincing evidence.

The majority claims that not every Form I-213 ultimately must be found reliable. But, given the majority's application of *Ponce-Hernandez* in this case, I do not see when, if ever, a Form I-213 would not be conclusive evidence in an in absentia case. The majority effectively converts the rebuttable presumption of *Ponce-Hernandez* into an irrebuttable presumption of removability in in absentia cases.

## B. Notice

There is no evidence to suggest that this minor respondent had actual notice of her scheduled removal hearing. I also agree with the Immigration Judge that the evidence falls short of the clear, unequivocal, and convincing standard required to show that a person most likely to ensure the respondent's presence at her hearing was properly served with notice. *See Matter of Amaya*, *supra*. We know very little about Carlos and do not even know for sure that he received notice on behalf of this child or that he furnished the Service with an accurate address.

## V. CONCLUSION

By the majority's action, we now enter a final order of removal against a young child who has never been in contact with the Immigration Court system. We base this significant adverse decision on hearsay information provided by her purported father, who also has never been in contact with the Immigration Court. The sole evidence supporting our decision is a form filled out by a Border Patrol agent who never appeared before the Immigration Court to testify.

We are not properly applying our precedents in *Ponce-Hernandez* and *Amaya* to this minor respondent. We also fail in our statutory responsibility to ensure that there is clear, unequivocal, and convincing evidence of proper notice and removability. Section 240(b)(5)(A) of the Act.

I would uphold the Immigration Judge's decision terminating proceedings and approve the action of our prior panel dismissing the Service's appeal. Therefore, I would deny the Service's motion for reconsideration. Accordingly, I respectfully dissent.