United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-60409
Summary Calendar

———————————

OSCAR MANUEL GUZMAN,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A29-896-216 )

—————————————————————————————

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oscar Manuel Guzman, a native and citizen of El Salvador, petitions for

review of a final order of deportation entered by the Board of Immigration Appeals

(BIA). The Immigration Judge (IJ) denied Guzman's Motion to Reopen

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

Deportation Proceedings held in absentia when Guzman was 13 years old. The BIA

dismissed Guzman's appeal from that decision. We affirm the decision of the BIA

and deny the petition for review for the following reasons:

1.      In immigration cases, we review only the decision of the BIA if it conducts a

de novo review of the administrative record. Carbajal-Gonzalez v. INS, 78

F.3d 194, 197 (5th Cir. 1996). The BIA's denial of a motion to reopen is

usually reviewed for abuse of discretion because of the Attorney General's

broad authority to deny such motions. See Ogbemudia v. INS, 988 F.2d 595,

600 (5th Cir. 1993).

2.      Deportation proceedings against Guzman commenced on January 17, 1990.

Accordingly, the in absentia proceedings were governed by Section 242(b) of

the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1990) (amended

1996). That section provides, in relevant part:

> If any alien has been given a reasonable opportunity to be
> present at a proceeding under this section, and without
> reasonable cause fails or refuses to attend or remain in
> attendance at such proceedings, the special inquiry officer
> [immigration judge] may proceed to a determination in like
> manner as if the alien were present.

Id.

3.      An alien who seeks to reopen proceedings held in absentia under this section

2

must demonstrate reasonable cause for his failure to appear.  See In re Haim, 19 I. & N. Dec. 641, 642 (BIA 1988).  He must also meet the normal standards of a motion to reopen.  See Wellington v. INS, 108 F.3d 631, 635 (5th Cir. 1997).

4.  Motions to reopen must "be supported by affidavits and other evidentiary material."  8 C.F.R. §§ 3.2(c)(1) (2002).  In the case of a motion to reopen deportations proceedings held in absentia, the filing must be supported by affidavits or other evidentiary material that support the existence of a reasonable cause for the alien's failure to appear.  The unsupported assertions of counsel are not evidence of the facts asserted.  See INS v. Phinpathya, 464 U.S. 183, 188 n.6 (1984), superceded by statute on other grounds as stated by INS v. Hector, 479 U.S. 85, 90 n.6 (1986); In re Ramirez-Sanchez, 17 I. & N. Dec. 503, 506 (BIA 1980).

5.  Guzman did not submit any affidavits or evidence with his motion to reopen explaining his failure to attend the deportation hearing.  Counsel's arguments about the difficulties his Spanish-speaking mother faced bringing Guzman to the proceedings 320 miles from their home are not evidence of such difficulties.  Even if these statements were evidence, Guzman's mother traveled to Harlingen, Texas, to obtain Guzman's release from INS detention

3

a few months before the scheduled hearing. Counsel has not explained what difficulties arose in that time period which would have prevented Guzman's mother from making the same trip on the scheduled hearing date. In fact, Guzman does not argue that he did not have actual notice or that he or his mother made an unsuccessful attempt to attend the hearing. Cf. In re S-A-, 21 I. & N. Dec. 1050, 1051 (BIA 1997) ("The applicant's affidavit contains the general assertion that traffic prevented him from reaching his hearing on time. There is no detail that would enable us to meaningfully evaluate his claim.").

6. The administrative record does demonstrate, however, that Guzman was 13 years old when the order of deportation was entered. Standing alone, this is insufficient evidence of reasonable cause for failure to appear. We find the BIA's recent decision in In re Gomez-Gomez, 23 I. & N. Dec. 522 (BIA 2002), instructive. In that case, the Board determined that a child's age alone is insufficient to establish exceptional circumstances for her failure to appear at a deportation proceeding:

> The Immigration Judge's holding effectively means that no alien under the age of 14 could ever be deported in absentia (at least absent the assignment of an adult guardian to each such alien). Even if the minor alien received proper notice of the hearing, no one would bear the responsibility for the alien's subsequent

4

appearance, a burden that could also not be placed upon the minor alien. If that were Congress's intent . . . the statute that mandates entry of an in absentia order when an alien fails to appear[] would presumably contain such an exception.

Id. at 528 (citations omitted); see also In re Ponce-Hernandez, 22 I. & N. Dec. 784 (BIA 1999) (determining that a 15 year-old alien who was properly served could be ordered to be deported in absentia). We recognize that, unlike Gomez-Gomez, Guzman need not show exceptional circumstances for his failure to appear because the statute in effect at the time his order of deportation was entered only required a showing of reasonable cause. Nevertheless, if Congress intended to provide an exception for in absentia proceedings against minor aliens in that prior version of the statute, it could have easily done so. Nothing suggests that Congress intended to exempt minor aliens from the requirement of showing reasonable cause.

7. In light of the foregoing, we find that the BIA did not abuse its discretion by denying Guzman's Motion to Reopen. Accordingly, Guzman's Petition for Review is DENIED.