GUI LIN, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, United States Department of Justice, Respondents.**

No. 04–4492–ag.

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

Henry Zhang, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Tamra Phipps, M. Scotland Morris, Assistant United States Attorneys, Jacksonville, Florida, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Gui Lin, a native and citizen of China, seeks review of an August 10, 2004 order of the BIA affirming the March 24, 2003 decision of Immigration Judge ("IJ") Alan Vomacka denying petitioner's application for asylum, withholding of re-moval, and relief under the Convention Against Torture ("CAT"). *In re Gui Lin,* No. A 79 682 438 (B.I.A. Aug. 10, 2004), *aff'g* No. A 79 682 438 (Immig. Ct. N.Y. City Mar. 24, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for reconsideration if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006). An IJ's reasons for an adverse credibility finding must be specific and cogent, and there must be a legitimate nexus between the reasons for the finding and the petitioner's claim of persecution. *See, e.g., Li Zu Guan v. INS,* 453 F.3d 129, 135 (2d Cir.2006).

 The IJ denied Lin's claims based on an adverse credibility finding, but several of the reasons the IJ gave for his finding were not supported by substantial evidence. First, the IJ found "ludicrous" Lin's testimony that he did not know the minimum marriage age in China, and stated generally that Lin's story, like similar

stories in other cases before him, had probably been manufactured for or by him because he was otherwise too young to credibly claim that he would be subject to forced sterilization. As part of his analysis, the IJ took administrative notice of the fact that the Chinese government sets national policies and publicizes them, and that local governments do not deviate from those policies. It is doubtful, however, that this view of China's governance structure is the type of "commonly known fact" subject to administrative notice, *see In re Gomez–Gomez*, 23 I. & N. Dec. 522, 525 & n. 2, 2002 WL 31733181 (B.I.A.2002); *cf.* 8 C.F.R. § 1003.1(d)(3)(iv), particularly when the IJ also acknowledged in his decision that the country profile in the record "says in some localities the [marriage] ages are set higher." The IJ also found it illogical that Lin could have lived in a place where his wife was subject to a forced abortion and yet have been unaware of the possible consequences of applying for a marriage license or getting pregnant at too young an age. The IJ reasoned that Lin and the other people in his village would have heard about what could happen, just as people in Brooklyn, New York would stop spitting on the sidewalk if they heard on the news that a police officer had shot a person for spitting. This explanation is at best "bald speculation" that cannot provide a foundation for an adverse credibility determination. *See Zhou Yun Zhang*, 386 F.3d at 74.

■ The IJ also stated that Lin gave inconsistent testimony as to whether he was aware of a minimum marriage age before he went to the marriage office. Lin testified that he did not know what the regulations governing marriage were or that he was too young to get married. He later testified that he heard from his parents that there might be a minimum age, but they and he were not sure what it was. Although we give the IJ substantial deference to reject explanations for inconsistencies in a petitioner's testimony, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005), there is nothing noticeably inconsistent in Lin's testimony on this subject.

■ Second, the IJ doubted the authenticity of several documents Lin submitted with his application. The IJ did not believe Lin's explanation that he obtained his notarial birth certificate in order to apply for a national ID card, and speculated that Lin may have obtained the certificate in order to get a passport. The IJ also found it incredible that Lin was able to obtain a national ID card even though the government had levied a fine against him, speculating that the government would require payment of the fine before issuing the card. Neither of the IJ's speculations were supported by any evidence in the record. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ Third, the IJ doubted Lin's story in part because his wife remained unharmed in China. An IJ can reasonably rely on testimony that the applicant's family members remain in their native country unharmed as part of a determination that the applicant does not have a well-founded fear of persecution. *In re A–E–M–*, 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (B.I.A.1998). However, this Court has held that it is not appropriate for an IJ to rely on this as part of an adverse credibility determination. *See You Hao Yang v. BIA*, 440 F.3d 72, 75 (2d Cir.2006).

■ Fourth, the IJ questioned Lin's credibility because Lin still owed a significant amount of money to the smuggler and therefore had a financial motive to win his case. This is an unreasonable basis for an adverse credibility determination because an additional economic motive for staying in the United States is not otherwise inconsistent with an asylum application.

Lastly, the IJ erred in failing to address Lin's explanation as to why his wife did not submit a letter on his behalf. *See Pavlova v. INS,* 441 F.3d 82, 89–90 (2d Cir.2006); *Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005); *Cao He Lin,* 428 F.3d at 403. At his hearing, Lin explained that his wife was still in hiding in China and was afraid that any letter she sent would be intercepted by the government and lead to her discovery.

Where an adverse credibility finding is based in part on flawed grounds, remand is not required where we can "confidently predict" that the IJ would have reached the same conclusion absent the error-infected grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d at 162. In this case, the flaws in the IJ's reasoning were central to the overall credibility determination, and we cannot confidently predict that the agency would reach the same conclusion on remand.

Lin also challenges the IJ's determination that he filed a frivolous asylum application. Because the IJ's adverse credibility determination was not supported by the record, the IJ's frivolousness finding was also erroneous.

The IJ dismissed Lin's CAT claim because he failed to present any evidence about that claim in his application for relief. Lin also failed to present any arguments regarding his CAT claim to the BIA, and he raises it to this Court only in a single sentence in the conclusion of his brief. Accordingly, the claim is unexhausted, and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

Accordingly, the petition for review is GRANTED, the BIA's order is VACAT-ED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).