**Qasem Mosa AL–SHAIBI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 04–2995–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

Peter Singh, Fresno, California, for Petitioner.

David R. Dugas, United States Attorney, John J. Gaupp, Catherine M. Maraist, Assistant United States Attorneys, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Qasem Mosa Al–Shaibi, a native and citizen of Yemen, seeks review of a December 16, 2002 order of the BIA summarily affirming immigration judge ("IJ") Philip Montante's October 20, 1997 decision denying Al–Shaibi's applications for asylum and withholding of deportation. *In re Qasem Mosa Al–Shaibi,* No. A74 773 403 (B.I.A. Dec. 16, 2002), *aff'g* A74 773 403 (Immig. Ct. Buffalo, New York Oct. 20, 1997). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Al–Shaibi did not articulate a claim of past persecution, but rather focused on his alleged well-founded fear of future persecution in Yemen as the basis for his asylum application. The IJ reasonably determined that he did not establish a reasonable possibility of future persecution. Comparing Al–Shaibi's testimony and documentary evidence with State Department country condition information in the record, the IJ found that Al–Shaibi failed to show that government critics or dissidents would be targeted for persecution in Yemen. In *Tian–Yong Chen*, the Court warned the agency "not to place excessive reliance on published reports of the Department of State." 359 F.3d at 130. Nevertheless, State Department reports are probative. *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). The IJ correctly noted that the advisory report from the Bureau of Human Rights and Democracy pertaining to Al–Shaibi's asylum application indicated that (1) the post-civil war amnesty was an established fact; (2) there were no reports of widespread vengeance against southerners; and (3) various reconciliation efforts were underway. The IJ also appropriately observed that the report indicated that governmental retribution for political dissent or criticism was unlikely unless the political opponent engaged in "loud, repeated, public attacks on the president as a person." He also properly took administrative notice of the most recent country report on human rights practices in Yemen, which indicated that the Government had pardoned all those who had opposed the central government during the civil war. *See, e.g.*, 8 C.F.R. § 1003.1(d); *In re Gomez–Gomez*, 23 I. & N. Dec. 522, 525 n. 2 (BIA 2002) (citing *Board of Immigration Appeals: Procedural Reforms to Improve Case Management*, 67 Fed. Reg. 54,878, 54,902 (2002)). Because the IJ considered the State Department's country materials in conjunction with Al–Shaibi's testimony and submitted documentary evidence as well as the testimony of his witnesses, substantial evidence supports the IJ's determination that the record does not indicate that Al–Shaibi would be persecuted in Yemen on account of participation in anti-government activities in the United States. The IJ thus appropriately determined that Al–Shaibi failed to meet his burden of proof for asylum. *See Tu Lin*, 446 F.3d at 400. Because Al–Shaibi was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of deportation. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

We will not review Al–Shaibi's CAT claim because these arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86–87 (2d Cir. 2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).