# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 10-60132
Summary Calendar

Lyle W. Cayce
Clerk

RUDY ORLANDO DIAZ-RUIZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 421 470

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rudy Orlando Diaz-Ruiz, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA), dismissing his appeal from an order of the immigration judge (IJ) which denied his motion to reopen removal proceedings. Diaz contends he did not receive proper notice of his removal hearing.

Diaz was ordered removed in absentia at age 14, after failing to appear at his 1998 removal hearing.  Almost 10 years after entry of removal, Diaz sought

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to reopen removal proceedings, claiming he did not properly receive notice of removal because he:  did not understand the nature of the removal process due to his youth; was under the control of his father and it was inequitable to impute to him his parents' knowledge of the notice to appear (NTA); and was incapable of appearing at the hearing without his parents' assistance.  He applied for asylum, withholding of removal, and relief under the Convention Against Torture, stating he feared he would be tortured or killed upon return to Guatemala because he would be suspected of being a CIA agent.

The BIA, on *de novo* review, affirmed the IJ's finding that Diaz received proper notice of his removal hearing because the NTA:  contained the date, time, and place of the scheduled hearing; was personally served on both Diaz and his father; and bore both of their signatures.

The BIA's denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). In that regard, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.*  "The BIA's factual findings are reviewed for substantial evidence . . . ; rulings of law, *de novo*, deferring to the BIA's interpretation of the immigration statutes." *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003) (internal citations omitted).

An alien who fails to appear at a removal proceeding, after receiving written notice, "shall be ordered removed in absentia if the [G]overnment establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable". *Gomez-Palacios*, 560 F.3d at 358; 8 U.S.C. § 1229a(b)(5)(A).  "[A]n in absentia removal order may be rescinded 'upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice.'" *Gomez-Palacios*, 560 F.3d at 358; 8 U.S.C. § 1229a(b)(5)(C)(ii).  Unless there is evidence that the NTA "contains information

No. 10-60132

that is incorrect or was obtained by coercion or duress", it is deemed "inherently trustworthy and admissible as evidence to prove alienage and deportability". *Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988).

As noted, Diaz and his father were each served personally with the NTA. Their signing the NTA acknowledged both their receipt of it and its having been explained to them orally in Spanish. Diaz does not contend that his father was not properly served with the NTA. Moreover, at age 14, Diaz was competent to personally accept service. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010) ("notice must be served on an adult only for aliens *under* 14 years of age") (emphasis added). In addition, any concerns due to his youth are cured by his father's having also been served with the NTA. *See id.* at 645-47; *In re Gomez-Gomez*, 23 I. & N. Dec. 522, 524-28 (BIA 2002); *see also* 8 C.F.R. 1236.3. In sum, the evidence does *not* compel us to conclude that Diaz established his notice was inadequate or the denial of the motion to reopen was arbitrary, capricious, or without evidentiary foundation. *See Gomez-Palacios*, 560 F.3d at 358.

Any other asserted basis for reopening Diaz' removal proceedings, premised on his claim that he will likely face persecution, torture, and death if removed to Guatemala (because he will be suspected of being a CIA operative) is abandoned: Diaz does not explain the basis for this claim or cite any record evidence for it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

DENIED.