# Matter of Sarahi TEPEC-GARCIA, et al., Respondents

*Decided December 19, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where neither the respondent nor the Department of Homeland Security ("DHS") appears at the hearing and DHS does not present evidence of removability in advance of the hearing, the Immigration Judge does not err in terminating proceedings without prejudice.

FOR THE RESPONDENTS:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Wesley Chai, Assistant Chief Counsel

BEFORE:  Board Panel:  GOODWIN and MONTANTE, Appellate Immigration Judges; DESAI, Temporary Appellate Immigration Judge.

DESAI, Temporary Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's April 3, 2024, decision terminating these removal proceedings without prejudice due to DHS' nonappearance and failure to submit evidence of removability.  The respondents have not responded to the appeal.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

DHS served the respondents with individual notices to appear, charging them each with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i) (2018), for being present in the United States without being admitted or paroled.  DHS issued the notices and therein set the date, time, and location of the initial hearing.  It filed the notices with the Immigration Court, thereby initiating these proceedings.  At the scheduled hearing on April 3, 2024, of which both parties had notice, neither the respondents nor DHS appeared.  DHS also did not file any evidence establishing alienage prior to the hearing.[1]

---

[1]  Although DHS asserts it filed a notice of nonappearance with the Immigration Court at the "court's window, per local agreement and instruction," no such notice is in the record. On appeal, DHS did not provide a copy of this document showing that it was filed, although

The Immigration Judge terminated proceedings, finding that DHS did not meet its burden to establish removability.

On appeal, DHS argues that the Immigration Judge erred in terminating proceedings and was required by regulation to set the matter to a future hearing to allow DHS a second opportunity to appear and provide evidence of alienage. We disagree and conclude that, while not necessarily required, termination is appropriate under these circumstances. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025).

## II. ANALYSIS

Generally, DHS has the burden to establish alienage when a respondent has been charged with inadmissibility. *See* 8 C.F.R. § 1240.8(c) (2025). It can do so by filing, for example, a Form I-213, Record of Deportable/Inadmissible Alien. *See Matter of Mariscal-Hernandez*, 28 I&N Dec. 666, 668 (BIA 2022) (holding that "a Form I-213 is probative of [a] respondent's alienage"). Such evidence of removability is crucial in cases where, as here, the respondent fails to appear.

Citing 8 C.F.R. § 1240.10(d) (2025), DHS argues that the regulations governing removal proceedings require an Immigration Judge to request assignment of DHS counsel if removability is not established and DHS is not present at the hearing. In essence, DHS argues that when DHS chooses not to appear at a scheduled hearing, the Immigration Judge must continue the case to allow DHS another opportunity to appear and present evidence satisfying their burden to prove alienage.

DHS' reliance on this regulation is misplaced. While 8 C.F.R § 1240.10 delineates the obligations imposed on the Immigration Judge at the hearing, including the duty to provide rights advisals, place respondents under oath, and take pleadings from respondents who *appear* in Immigration Court, this regulation has no bearing in instances where the respondents do not appear.

Since 8 C.F.R. § 1240.10(d) specifically references 8 C.F.R. § 1240.10(c), both provisions must be read in conjunction. The plain language of 8 C.F.R. § 1240.10(c) governs the pleading stage of the hearing, stating that the Immigration Judge "shall require the respondent to plead to the notice to appear." The respondent may admit or deny the factual allegations and

---

it is referenced in DHS' brief. Furthermore, DHS has not indicated that it had included evidence of alienage attached to said notice. Notwithstanding, DHS is not relieved of its burden to establish removability under these circumstances.

charge(s). 8 C.F.R. § 1240.10(c). If the respondent denies the charge, or the Immigration Judge finds that issues of law or fact remain, then 8 C.F.R. § 1240.10(d) is triggered, requiring the Immigration Judge to request the assignment of DHS counsel and receive evidence as to any unresolved issues. Read together, the provisions make clear that they implicate a contested removability scenario, in which the respondent is present before the Immigration Court contesting removability, thereby requiring the Immigration Judge to request DHS counsel to present evidence of removability. *See* 8 C.F.R. § 1240.10(c)–(d). In other words, 8 C.F.R. § 1240.10 is applicable when a respondent *appears* before the Immigration Court, is given full advisals of rights, enters a plea, and after pleadings, contested issues remain.

When neither the respondent nor DHS appear at the hearing, 8 C.F.R. § 1240.10 is not implicated because the respondent is not present. Consequently, an Immigration Judge has no obligation to advise a respondent who is not present at a hearing of statutory and regulatory rights and cannot take pleadings from an absent respondent, nor can an absent respondent *contest* removability. *See* 8 C.F.R. § 1240.10(a), (c); *see also* INA § 240(b)(4), 8 U.S.C. § 1229a(b)(4) (discussing alien's rights in removal proceedings).

Instead, when the respondent *fails to appear* before the Immigration Court at the scheduled hearing despite proper notice, the INA states that an Immigration Judge "shall" proceed with an in absentia hearing in the respondent's absence. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A) ("An alien who, after written notice . . . does not attend a proceeding under this section, shall be ordered removed in absentia if [DHS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . ."). Congressional intent under the unambiguous language of section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A), requires that an Immigration Judge go forward with an in absentia hearing when notice is proper and DHS proves removability under the relevant legal standard.

The regulation at 8 C.F.R. § 1003.26 (2025), dictates requirements for in absentia hearings. This provision makes clear that when a respondent fails to appear at a scheduled hearing, the Immigration Judge "shall" order the respondent removed in absentia if DHS establishes both that notice was proper and the respondent is removable by clear, unequivocal and convincing evidence. 8 C.F.R. § 1003.26(c); *accord* INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A).

The law explicitly sets forth two separate and distinct scenarios: When a respondent *fails to appear* at a scheduled hearing, section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A), and 8 C.F.R. § 1003.26 apply. However, when a respondent *appears* and contests removability, 8 C.F.R. § 1240.10 applies.[2] If the law intended that when both the respondent and DHS fail to appear, the Immigration Judge not proceed with an in absentia hearing and instead be required to continue the case for assignment of DHS counsel, such procedure would be expressly included in the text of section 240(b)(5)(A) of the INA and/or 8 C.F.R. § 1003.26 or a cross-reference contained within these provisions.[3]

In the instant matter, the respondents failed to appear, thereby triggering section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A), and 8 C.F.R. § 1003.26, requiring the Immigration Judge to conduct an in absentia hearing. As such, DHS was required to prove alienage, and it failed to do so. As a result, the Immigration Judge had no evidence upon which to predicate an in absentia order of removal and instead terminated proceedings without prejudice.

It should be noted that DHS charged the respondents in this case under section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled. Therefore, DHS, by virtue of its own charging document, was aware that alienage was an issue and that the burden was on DHS to establish such alienage. *See* 8 C.F.R. § 1240.8(c) (stating that when a respondent is "charged as being in the United States without being admitted or paroled, [DHS] must first establish the alienage of the respondent").

Finally, DHS' position that a continuance is required would result in judicial inefficiency, in that every case in which DHS elects not to appear and not to provide evidence of removability prior to the hearing would necessitate multiple hearings rather than one. Requiring Immigration Judges

---

[2]  If DHS were correct that 8 C.F.R. § 1003.26 and 8 C.F.R. § 1240.10 must be read in conjunction with one another, mandating that every time a respondent fails to appear, the Immigration Judge must request the assignment of DHS counsel, the converse would also have to be true. By this logic, when a respondent does not appear, the Immigration Judge would be precluded from proceeding in absentia because the Immigration Judge is unable to inform the respondent of the regulatory advisements. *See* 8 C.F.R. § 1240.10(a).

[3]  There exist hundreds of statutes and regulations that cross-reference other provisions. In fact, 8 C.F.R. § 1003.26 cross-references other sections, including 8 C.F.R. § 1003.15(d) (2025) and 8 C.F.R. § 1003.25 (2025). Notably, however, 8 C.F.R. § 1003.26 and 8 C.F.R. § 1240.10 do not contain any language cross-referencing each other. *Cf.* 8 C.F.R. § 1240.10(b) (cross referencing 8 C.F.R. § 1003.27 (2025)).

to take such action in every case would impede the timely adjudication of cases in an overburdened system.  Thus, the interests of judicial economy and public resources weigh against DHS' position.

As the proceedings were terminated without prejudice, DHS may file new notices to appear, once again placing the respondents in removal proceedings.  Moreover, if DHS elects not to appear in future proceedings that DHS itself initiated and scheduled, nothing precludes it from filing evidence of removability in advance of the hearing.  This would allow the Immigration Judge to proceed with in absentia hearings and thereby permit the expeditious completion of cases.

## III.  CONCLUSION

In sum, where neither the respondent nor DHS appears at the hearing and DHS does not present any evidence of removability in advance of the hearing, the Immigration Judge does not err in terminating proceedings without prejudice.  Based on the foregoing, the following order is entered.

**ORDER:**  DHS' appeal is dismissed.