# Matter of Angel Damian OROZCO BECERRA, Respondent
# Matter of Neythan OROZCO BECERRA, Respondent

*Decided April 29, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When respondents, including minor respondents, fail to appear for their hearing and the Department of Homeland Security has established that they received proper notice of the hearing and are removable as charged, the Immigration Judge lacks authority to administratively close removal proceedings and must proceed in absentia under section 240(b)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(A) (2018).

FOR THE RESPONDENTS:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Ihsan U. Ahmed, Assistant Chief Counsel

BEFORE:   Board Panel:   MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and GEMOETS, Appellate Immigration Judges.

MALPHRUS, Chief Appellate Immigration Judge:

The Department of Homeland Security ("DHS") has filed an interlocutory appeal of the Immigration Judge's August 22, 2025, decision administratively closing the respondents' removal proceedings.  The respondents have not filed a response in opposition to the appeal.[1]  The Board does not usually entertain interlocutory appeals.  *See Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007).  However, we will exercise jurisdiction over this interlocutory appeal "to insure proper use of the administrative closing procedure." *Matter of Amico*, 19 I&N Dec. 652, 653 (BIA 1988).  The appeal will be sustained, these removal proceedings will be reinstated, and the record will be remanded.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondents are two minors who are natives and citizens of Mexico.  They applied for admission at a port of entry with their adult mother and an adult male on June 22, 2023.  An immigration officer personally served the

---

[1]  After DHS filed its appeal, we requested supplemental briefing from the parties.  DHS filed a supplemental brief.  The respondents did not file a brief or otherwise respond.

respondents' mother with notices to appear charging her and the respondents with inadmissibility under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2018), because they lacked valid entry documents.  The notices to appear informed the respondents and the accompanying adults that they were required to appear for an initial removal hearing before an Immigration Judge in San Francisco, California, on October 30, 2024, at 9:00 a.m.  They did not appear for the scheduled hearing, and the Immigration Judge reset the hearing for April 2, 2025.  A written hearing notice was mailed to the respondents' last known address as provided in their notices to appear.

The respondents and the accompanying adults did not appear for the reset hearing.  At the April 2, 2025, hearing, the Immigration Judge determined that the evidence submitted by DHS was insufficient to establish alienage for the respondents and the accompanying adults.  The Immigration Judge requested DHS submit additional evidence to establish their alienage and scheduled another hearing for August 21, 2025.  A hearing notice was again mailed to the respondents' last known address.  DHS submitted birth certificates for the respondents and the accompanying adults as well as identity cards for the accompanying adults to establish their alienage.  The respondents and the accompanying adults did not appear for the August 21, 2025, hearing, and DHS moved for the Immigration Judge to enter in absentia removal orders.  The Immigration Judge ordered the respondents' mother and the other accompanying adult removed in absentia.  However, the Immigration Judge declined to order the minor respondents removed in absentia, concluding that they could not be held responsible for their mother's failure to appear and that entering an in absentia removal order would violate their due process rights.  Instead, the Immigration Judge administratively closed the minor respondents' removal proceedings over DHS' objection.  The present appeal followed.

## II.  DISCUSSION

Section 240(b)(5) of the INA, 8 U.S.C. § 1229a(b)(5) (2018), provides that any alien who does not appear for a removal hearing "shall be ordered removed in absentia" if DHS establishes that proper written notice of the hearing was provided and that the alien is removable.  The statute thus imposes a mandatory duty on Immigration Judges to issue an in absentia order against an alien who does not appear for his or her removal hearing if the statutory requirements are met.  *See Bufkin v. Collins*, 604 U.S. 369, 379 (2025) ("It is undisputed that the word 'shall' imposes a mandatory command."); *see also Valencia-Fragoso v. INS*, 321 F.3d 1204, 1206 (9th Cir. 2003) ("It is well settled that '[i]f an alien is provided proper written

notice of a removal hearing and fails to attend, the immigration judge is required to enter an *in absentia* order of removal.'" (citation omitted)).  In other words, when the evidentiary requirements for establishing proper notice and removability are met, an Immigration Judge has no discretion to do anything other than order a non-appearing respondent removed in absentia.  *Matter of Tepec-Garcia*, 29 I&N Dec. 371, 373 (BIA 2025).

By administratively closing the respondents' removal proceedings instead of ordering them removed, the Immigration Judge improperly applied a discretionary regulation in a manner that directly conflicts with Congress' express mandatory command.  The applicable regulation provides that an "[I]mmigration [J]udge may, in the exercise of discretion, administratively close a case upon the motion of a party" after considering the "totality of the circumstances."   8 C.F.R. § 1003.18(c)(1), (3) (2026).   However, Immigration Judges cannot exercise this discretionary authority which is provided by regulation when doing so conflicts with a mandatory statutory command.[2]  *See Sec'y of Lab. v. W. Fuels-Utah Inc.*, 900 F.2d 318, 320 (D.C. Cir. 1990) ("[A] regulation must be interpreted so as to harmonize with and further and not to conflict with the objective of the statute it implements." (citation omitted)); *cf. Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134 (1936) (holding that a regulation that does not "carry into effect the will of Congress as expressed by the statute . . . but operates to create a rule out of harmony with the statute, is a mere nullity").

Here, the Immigration Judge's application of the administrative closure regulation is inconsistent with the clear statutory mandate.  The Immigration Judge was required by statute to order the respondents removed in absentia when they failed to appear and DHS established proper notice and removability.  The Immigration Judge had no authority to supplant the specific, unambiguous statutory command enacted by Congress with the more general discretionary regulation promulgated by the agency.[3] *See Duke*

---

[2]   If the administrative closure regulations did purport to apply in the in absentia context, we would be required to evaluate the validity of applying the regulation in that manner based on the clear conflict with the in absentia statute that would result.  *See Matter of Singh*, 24 I&N Dec. 331, 334 (BIA 2007) (considering whether there was a "conflict between the statute and the implementing regulation"); *Matter of Gonzalez-Lopez*, 20 I&N Dec. 644, 645 (BIA 1993) (expressly deciding not to apply a then-extant regulation when it conflicted with a more recently enacted statute).

[3]   Even when the decision to proceed in absentia was discretionary under a prior statute, we held that administrative closure was inappropriate when it allowed a respondent to avoid being ordered deported "by simply failing to appear."  *Matter of Amico*, 19 I&N Dec. at 654 (applying former INA § 242(b), 8 U.S.C. § 1252(b) (1982)).

*v. United States*, 255 F.2d 721, 724 (9th Cir. 1958) ("If there is any conflict between the statute and the regulation, the former prevails."); *Texas v. EPA*, 726 F.3d 180, 195 (D.C. Cir. 2013) ("'[A] valid statute always prevails over a conflicting regulation,' . . . and a regulation can never 'trump the plain meaning of a statute[.]'" (citations omitted)).

Moreover, the Immigration Judge's concern that it would violate the respondents' due process rights to order them removed in absentia based on their mother's failure to bring them to their removal hearing was misplaced. The Board has jurisdiction over constitutional claims, including due process arguments. *Matter of H-A-A-V-*, 29 I&N Dec. 233, 237 n.6 (BIA 2025). We have expressly rejected the argument that it would violate a minor respondent's due process rights to penalize her for failing to appear when a responsible adult received proper notice of the hearing. *Matter of Gomez-Gomez*, 23 I&N Dec. 522, 528 (BIA 2002). In rejecting that argument, we observed that Congress did not include an exception for minors in the in absentia statute. *Id.*; *see also Louisville & Nashville R.R. Co. v. Mottley*, 219 U.S. 467, 479 (1911) (explaining that courts lack authority to "add [a statutory] exception based on equitable grounds when Congress forebore to make such an exception"); *Lopez v. Garland*, 116 F.4th 1032, 1043 (9th Cir. 2024) ("[W]hen the language is plain, we have no right to insert words and phrases, so as to incorporate in the statute a new and distinct provision." (quoting *United States v. Temple*, 105 U.S. 97, 99 (1881))). Given the lack of any statutory exception for minors in the in absentia statute, we held that "an adult relative who receives notice on behalf of a minor alien bears the responsibility to assure that the minor appears for the hearing, as required." *Matter of Gomez-Gomez*, 23 I&N Dec. at 528; *see also Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1157 (9th Cir. 2004) ("[A] legally responsible adult must be charged with ensuring the juvenile's appearance at the hearing.").

The Fifth Amendment entitles aliens in removal proceedings "to notice and opportunity to be heard 'appropriate to the nature of the case.'" *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Here, the record shows that the respondents received proper notice of their removal hearings and had several opportunities to appear for their hearings through service of the notices to appear and hearing notices on their mother. Their mother was responsible for ensuring their appearance, and they did not appear despite receiving proper notice. Additionally, the statutory scheme governing in absentia proceedings ensures that the respondents may avail themselves of the procedural protections provided by section 240(b)(5)(C) of the INA, 8 U.S.C. § 1229a(b)(5)(C), which allows them to seek reopening and rescission of any in absentia removal orders entered against them. Given the notice and

opportunity to appear that has already been provided, as well as the statutory remedy available to seek rescission of an in absentia removal order, entry of in absentia removal orders against the respondents would not violate their due process rights.

### III.  CONCLUSION

When respondents, including minor respondents, fail to appear for their hearing and DHS has established that they received proper notice of the hearing and are removable as charged, the Immigration Judge lacks authority to administratively close removal proceedings and must proceed in absentia under section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A).  Because the Immigration Judge erred by not entering in absentia removal orders under these circumstances, we will reinstate these removal proceedings and remand the record for further proceedings consistent with this opinion.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  These removal proceedings are reinstated, and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.