Gurwinder SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–77222.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Anju Multani, Downey, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Frank A. Wilson, U.S. Attorney's Office Eastern District of Washington, Spokane, WA, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Gurwinder Singh, a native and citizen of India, petitions for review of the Board of

---

· * The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted *in absentia*. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion and will reverse the agency's denial of a motion to reopen if it is "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (citation omitted). We grant the petition for review.

■ The agency abused its discretion in denying Singh's motion to reopen for failure to establish "exceptional circumstances" within the meaning of 8 U.S.C. §§ 1229a(b)(5)(C) and 1229a(e)(1). First, on the day of his hearing, Singh's counsel notified the immigration court that Singh would be unable to attend, and, on the same day, Singh's chiropractor testified telephonically about Singh's back condition. Second, the IJ found it dispositive that Singh's chiropractor opined that Singh's "back condition should not have prevented him from attending court." The government concedes, and a review of the record confirms, that the chiropractor did not offer this opinion. Third, the IJ's statement that "the chiropractor saw no need for any pain relief other than over the counter medication" is inaccurate. The chiropractor testified that he does not prescribe medication, not that he did not see a need for it.

In adopting and affirming the IJ's decision, the BIA further mischaracterized the chiropractor's testimony. First, the BIA stated that the only remedy provided was massage and heat, whereas the chiropractor testified that he could do no more than massage and apply heat because Singh's back was so sore, and prescribed two weeks of bed rest. Second, the BIA concluded that Singh's drowsiness on the day of his hearing did not render him so incapacitated that he could not attend. The BIA ignored Singh's declaration, which states that, in addition to being drowsy, he was in severe pain, could not walk upright, and did not think he could endure the two-hour drive from Modesto to San Francisco.

■ The agency also abused its discretion in denying the motion to reopen as untimely. The government concedes, and a review of the record confirms, that the motion to reopen was filed within 180 days after the removal order. *See* 8 C.F.R. § 1003.23(b)(4)(ii).

**PETITION FOR REVIEW GRANTED.**