[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2010
JOHN LEY
CLERK

_____

No. 09-16118
Non-Argument Calendar

_____

Agency No. A072-843-726

TONY BURTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 30, 2010)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tony Burton petitions for review of the Board of Immigration Appeals' (BIA) final order dismissing his appeal of the Immigration Judge's (IJ) order denying his motion to reopen his *in absentia* deportation order.  Although Burton filed his motion more than 12 years after the expiration of the 180-day time period, he contends the ineffective assistance of his counsel amounts to an exceptional circumstance that should excuse his failure to appear at his 1995 deportation hearing.  Alternatively, Burton argues the time period should be tolled based on the ineffective assistance of counsel.  After review, we deny Burton's petition.[1]

A motion to reopen a removal order entered *in absentia* may be rescinded only "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances."  *See* 8 U.S.C. § 1252b(c)(3)(A) (1994).[2]  The statute defines "exceptional circumstances" as circumstances beyond the control of the alien, "such as serious illness of the alien or death of an immediate relative of the

---

[1] "We review the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 1999).  "[R]eview is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (internal quotations omitted).

[2] Burton does not argue he did not receive proper notice of the hearing in accordance with 8 U.S.C. § 1252b(c)(3)(B) (1994), and has thus abandoned the issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

alien, but not including less compelling circumstances." 8 U.S.C. § 1252b(f)(2) (1994).

Burton has not alleged a cognizable "exceptional circumstance." Specifically, Burton claimed he did not attend his 1995 deportation hearing because his attorney waited until the day before to notify him of the hearing, and he was unable to obtain last-minute transportation. Inability to find transportation is not similar to or as compelling as the statutory requirement of serious illness or death. 8 U.S.C. § 1252b(f)(2)(1994). Thus, Burton has not demonstrated his entitlement to reopen his proceedings on the basis of exceptional circumstances.

Even assuming, *arguendo*, equitable tolling was available based on ineffective assistance of counsel, the BIA did not abuse its discretion by finding it unwarranted in this case.[3] Burton failed to act with the requisite due diligence, waiting more than 12 years after the 180-day period expired before filing his motion to reopen. *See Irwin v. Dep't of Veterans Affairs*, 111 S. Ct. 453, 457–48 (1990). Moreover, despite his knowledge of the hearing, Burton never inquired as to his immigration status prior to filing his motion to reopen, and only filed his motion to reopen after he was detained by immigration officials.

**PETITION DENIED.**

---

[3] As Burton concedes, our decisions in *Abdi*, 430 F.3d at 1150, and *Anin v. Reno*, 188 F.3d 1273 (11th Cir. 1999), do not allow *in absentia* deportation orders to be equitably tolled on account of ineffective assistance of counsel.