RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

E. A. C. A.,

 *Petitioner*,

*v.*

JEFFREY A. ROSEN, Acting Attorney General,

 *Respondent*.

No. 20-3216

On Petition for Review from the Board of Immigration Appeals;
No. A 209 885 750.

Argued:  December 2, 2020

Decided and Filed:  January 12, 2021

Before:  MOORE, GILMAN, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Rachel Naggar, CATHOLIC LEGAL IMMIGRATION NETWORK, INC., Silver Spring, Maryland, for Petitioner.  Joanna L. Watson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Rachel Naggar, CATHOLIC LEGAL IMMIGRATION NETWORK, INC., Silver Spring, Maryland, for Petitioner.  Joanna L. Watson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge.  E.A. C.A. ("E.A.") petitions this court for review of the order of the Board of Immigration Appeals ("BIA") denying her motion to reopen an *in absentia* removal order.  Because the BIA abused its discretion in concluding that E.A. had

not established that exceptional circumstances justified her failure to appear, we **GRANT** the petition for review, **VACATE** the removal order, and **REMAND** for further proceedings consistent with this opinion.

## I. BACKGROUND

E.A. is a native and citizen of El Salvador. Administrative Record ("A.R.") at 212 (Notice to Appear). In November 2016, when E.A. was twelve years old, she unlawfully entered the United States as an unaccompanied minor. *Id.* The Office of Refugee Resettlement ("ORR") released E.A. to her mother, who resided in New York. *Id.* at 153 (Verification of Release). E.A. failed to appear at a June 6, 2018 hearing and was ordered removed *in absentia*. A.R. at 174 (Removal Order).

### A.  E.A.'s Removal Proceedings

On March 3, 2017, the U.S. Department of Homeland Security (DHS) mailed a Notice to Appear to E.A. A.R. at 213 (2017 Notice to Appear). Shortly after ORR released E.A. to her mother, her family relocated to Arkansas to help take care of her aunt's children. *Id.* at 144 (Aff. of E.A.), 148–49 (Aff. of Yessenia Carolina Anaya Ortiz). In Arkansas, Catholic Charities assisted E.A. in preparing a Motion to Change Venue from Executive Office of Immigration Review ("EOIR") New York City to EOIR Memphis, Tennessee and her Change of Address Form, both of which she filed *pro se*. *Id.* at 149 (Aff. of Anaya Ortiz), 203–06 (Mot. to Change Venue), 207–08 (Change of Address Form).

On May 15, 2017, the Immigration Judge ("IJ") granted E.A.'s Motion to Change Venue. *Id.* at 202 (Order Granting Changing Venue). Latino Memphis's Remote Access Initiative, which represents unaccompanied minors who live more than 100 miles from the Memphis EOIR, agreed to represent E.A. *pro bono* in her immigration proceedings. *Id.* at 190 (Mot. to Change Docket). On October 30, 2017, DHS sent E.A. a "Notice of Hearing in Removal Proceedings" at the Memphis EOIR for January 3, 2018. *Id.* at 187. Latino Memphis appeared on behalf of E.A. in a telephonic hearing on January 3, 2018. *Id.* at 183–84. On the date of the hearing, DHS sent E.A. a notice that it had scheduled her master-calendar hearing for June 6, 2018 at the Memphis EOIR. *Id.* at 175 (Notice of Hr'g). A few months later, on April 24, 2018, E.A.'s counsel filed a

motion to withdraw its representation of E.A., stating that E.A. had moved out of Latino Memphis's covered geographic area to New York, counsel was no longer employed at Latino Memphis, and there had been a "substantial breakdown in communication" between the parties. *Id.* at 176–78 (Mot. to Withdraw as Att'y of Record).

## B. Failure to Appear

E.A. failed to appear at her June 6, 2018 master-calendar hearing. *Id.* at 174 (Removal Order). In E.A.'s absence, the IJ noted that she had admitted the factual allegations in the NTA and conceded removability at her prior hearing, and ordered her removed *in absentia*. *Id.*

On November 30, 2018, E.A., with the assistance of counsel, filed a motion to reopen her immigration proceedings. *Id.* at 130 (Mot. to Reopen). This time, Catholic Charities was able to represent E.A. in her motion to reopen the case. *Id.* E.A. asserted that, based on the totality of circumstances, exceptional circumstances excused her failure to appear at her immigration hearing. First, E.A. was unable to obtain legal counsel to assist her in changing her hearing location. Between the initial hearing and the June 6, 2018 hearing, E.A.'s mother moved the family back to New York because her sister had returned to Arkansas to take care of the children and her mother's partner, Carlos, had a job in New York. *Id.* at 145 (Aff. of E.A.), 149 (Aff. of Anaya Ortiz). After E.A. moved outside Memphis Latino's geographic area, she was also unable to find new representation in New York. In a declaration submitted with E.A.'s motion to reopen, her mother states that she brought E.A. for a consultation with Catholic Charities in Amityville, New York for assistance with E.A.'s case. *Id.* at 149 (Aff. of Anaya Ortiz). But Catholic Charities was unable to accept new cases, including E.A.'s case, at that time. *Id.* Unable to find *pro bono* representation, E.A.'s mother tried to hire a private immigration attorney but could not afford the hefty attorney's fees. *Id.* at 150. Without legal representation, E.A.'s mother did not know how to change the address of the hearing herself. *Id.* Her partner Carlos called the Memphis EOIR to change E.A.'s address but was unable to change it because he did not know E.A.'s alien number. *Id.*

Second, E.A. was unable to travel from New York to Memphis to attend the hearing in-person. E.A.'s mother was unable to drive E.A. to Memphis herself because she had just given

birth on May 26, 2018—ten days prior to E.A.'s hearing. *Id.* E.A.'s mother did not want E.A. to fly to the hearing by herself because E.A. did not have documentation. *Id.* Carlos was unable to drive her to the hearing because it would take nearly one week to drive her to Memphis and back and he was unable to miss that much work. *Id.*

Further, E.A. asserted that she had reason to appear at her hearing because she was eligible for immigration relief, namely Special Immigrant Juvenile Status ("SIJS"). *Id.* at 151. While living in Arkansas, E.A.'s mother had begun the process of obtaining the required orders for SIJS. *Id.* E.A.'s mother abandoned the process when the family returned to New York but stated in her affidavit that she intended to file a new Guardianship petition in New York and then file an SIJS petition. *Id.*[1]

The IJ denied E.A.'s request to reopen her removal proceedings on the ground that she had failed to establish that exceptional circumstances prevented her from appearing at her hearing. *Id.* at 11 (IJ Decision). The IJ did not find E.A.'s reasons for being unable to travel to the Memphis EOIR to be persuasive. *Id.* at 12–13. The IJ dismissed difficulties posed by E.A.'s mother's recent delivery of a baby because "respondent's mother knew she was pregnant and the date of Respondent's hearing," and E.A. "could have made arrangements or contacted the Court prior to the hearing." *Id*. at 12. As to E.A.'s inability to travel from New York to Memphis, the IJ blamed E.A. for not "attempt[ing] to contact anyone else that may have been able to provide transportation." *Id*. at 13. Further, the IJ faulted E.A. for failing to file another motion to change venue, as she had previously done. *Id.* at 13. The IJ, however, did not acknowledge E.A.'s mother's assertion that she had received assistance filing the Motion to Change Venue the first time, and that she was unable to obtain legal assistance the second time. Notably, the IJ's decision does not mention E.A.'s claims that she was eligible for SIJS.

---

[1]On March 5, 2020, a New York state court entered an order granting guardianship to E.A.'s mother because her father abandoned her, and it would not be in her best interest to return to El Salvador. Pet.'s Br., Add. at 33. In May 2020, E.A. submitted a petition for SIJS to United States Citizenship and Immigration Services ("USCIS"). *Id.* at 34. USCIS approved her SIJS application on July 6, 2020 and assigned a priority date of May 4, 2020. Pet.'s Reply Br. at 6 n.2, Add. at 1 (Form I-797C, Notice of Action). As of the December 2020 Visa Bulletin, visas are available for special immigrants (category EB4) from El Salvador to adjust their status if their priority date is prior to February 2018. If DHS removes E.A. prior to approving her visa, she will be unable to apply for adjustment of status. *See* 8 U.S.C. § 1101(a)(27)(J).

E.A. timely appealed the IJ's decision to the BIA, which subsequently affirmed the IJ's denial.  First, the BIA stated that E.A.'s minor age was not *per se* an exceptional circumstance to excuse her failure to appear at the hearing.  *Id.* at 3 (BIA Decision).  The BIA then turned to the totality-of-the-circumstances test and affirmed the IJ's finding that E.A. had failed to show that her failure to appear at the scheduled hearing was the result of exceptional circumstances.  *Id.* at 4.  The BIA reiterated the IJ's finding that, although her mother had recently had a baby, this was not a compelling excuse because her "mother knew of [E.A.'s] hearing date and that [the mother] was pregnant in advance, and that [E.A.] could have contacted the Immigration Court prior to the hearing."  *Id.*  The BIA dismissed as insufficient E.A.'s mother's assertion that her partner contacted the immigration court prior to the hearing but was unable to change the date because he did not know E.A.'s alien number.  *Id.*  Even if E.A.'s mother had prior assistance in filing E.A.'s Motion to Change Venue and Change of Address Forms, the forms stated that E.A. filed *pro se* and she failed to explain adequately why she could not file the second set of forms *pro se*.  *Id.*  E.A. had also not attempted to find someone else to transport her from New York to the Memphis EOIR.  *Id.*  Further, the BIA found that E.A. had not provided sufficient evidence that she was eligible for SIJS.  *Id.*

Nevertheless, the BIA concluded that "even if the respondent had established 'exceptional circumstances' to rescind the in absentia removal order, reopening her removal proceedings would not be warranted as she failed to establish prima facie eligibility for any form of relief and has not shown that the outcome of her case would change if the case were reopened."  *Id.*[2]

E.A. timely petitioned this court for review.  We have jurisdiction to hear petitions for review of final removal orders, 8 U.S.C. § 1252(a), including orders entered *in absentia*, 8 U.S.C. § 1229a(b)(5)(D).

---

[2]The BIA also declined to grant her motion to reopen her case *sua sponte* because she had failed to show exceptional circumstances meriting this relief.  A.R. at 4.

## II.  STANDARD OF REVIEW

"We review the denial of a motion to reopen under the abuse-of-discretion standard." *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009).  In the case of a denial of a motion to reopen, we look to whether the denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Bi Feng Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)).  "Because the BIA has such broad discretion, a party seeking reopening or reconsideration bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (quotation marks omitted).  Despite this deferential standard, "[t]he Board's discretion is broad but it is not unlimited.  It may not exercise its discretion in a way that is arbitrary, irrational or contrary to law." *Daneshvar v. Ashcroft*, 355 F.3d 615, 625–26 (6th Cir. 2004).  We review legal determinations de novo. *Bi Feng Liu*, 560 F.3d at 490.

## III.  DISCUSSION

An IJ may rescind an order of removal entered *in absentia* in limited circumstances.  In E.A.'s case, an order of removal entered *in absentia* may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances."  8 U.S.C. § 1229a(b)(5)(C)(i).  The statute defines "exceptional circumstances" as those "beyond the control of the" petitioner, "such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." *Id.* § 1229a(e)(1).  When determining whether a petitioner's circumstances meet this standard, the IJ considers the "totality of the circumstances." *Acquaah*, 589 F.3d at 335 (quoting *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003)).  The question, then, is whether the BIA abused its discretion in determining that no exceptional circumstances justified E.A.'s failure to appear.

E.A. raises two arguments on appeal.  First, E.A. argues that the BIA abused its discretion by concluding that no exceptional circumstances justified her failure to appear at her

hearing. Second, she argues that the BIA made several legal errors in its analysis and thus we should remand to the BIA to reconsider its decision. We hold that the BIA abused its discretion by denying E.A.'s motion to reopen. E.A. established that exceptional circumstances prevented her from attending her immigration hearing. In reaching its conclusion, the BIA incorrectly applied the totality-of-the-circumstances test and improperly required that E.A. establish *prima facie* eligibility for relief in order to rescind her *in absentia* removal order.

**A. E.A. Established Exceptional Circumstances**

The BIA abused its discretion by finding that E.A. did not establish exceptional circumstances justifying her failure to appear at her immigration hearing. Based on the totality of the circumstances, including E.A. mother's recent childbirth, E.A.'s young age, E.A.'s mother's failed attempts to obtain counsel to help change the address of E.A.'s hearing, and E.A.'s inability to travel from New York to Memphis for the hearing, we hold that E.A. established exceptional circumstances.

E.A.'s mother's recent childbirth is a serious medical condition that supports reopening. The statute defining "exceptional circumstances" that justify reopening an immigration proceeding lists the "serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien" as an example. 8 U.S.C. § 1229a(e)(1). Childbirth is a serious medical event that necessitates a recovery period. *See Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392, 403 (6th Cir. 2005) (noting that the Family Medical Leave Act's legislative history included as "examples of serious medical conditions . . . ongoing pregnancy, miscarriages, complications or illness related to pregnancy, including severe morning sickness, the need for prenatal care, and recovery from childbirth"); *see also Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 731 n.4 (2003) (stating that "six weeks is the medically recommended pregnancy disability leave period" and that the "Pregnancy Discrimination Act legislative history establish[ed] four to eight weeks as the medical recovery period for a normal childbirth").

Instead of recognizing that childbirth is a serious medical condition, the BIA minimized the seriousness of childbirth and its impact on E.A.'s mother's ability to bring E.A. to Memphis.

Parroting the IJ's conclusion, the BIA noted that "the Immigration Judge found that [E.A.'s] mother knew of [E.A.'s] hearing date and that she was pregnant in advance, and that [E.A.] could have contacted the Immigration Court prior to the hearing." A.R. at 4 (BIA Decision). But other courts have recognized that medical conditions that a petitioner is aware of can constitute exceptional circumstances. *Singh v. Gonzales*, 244 F. App'x 99, 100 (9th Cir. 2007) (backpain); *Yweil v. INS*, 50 F. App'x 325, 327 (7th Cir. 2002) (migraine). Recovery from childbirth is exactly the type of circumstance that § 1229a(e)(1) was intended to cover.

E.A.'s young age contributes to our conclusion that exceptional circumstances exist, mandating that the BIA reopen her immigration proceedings. Of course, the young age of a petitioner is not a *per se* exceptional circumstance. *In re Meja-Andino*, 23 I. & N. Dec. 533, 536 (BIA 2002); *In re Gomez-Gomez*, 23 I. & N. Dec. 522, 528 (BIA 2002). *Cf. Reno v. Flores*, 507 U.S. 292, 309 (1993) (holding that, in the immigration context, minors aged sixteen or seventeen are not "too young or too ignorant to exercise" their right to make a revocable waiver of a removal or deportation hearing). But E.A. does not argue that age alone is an exceptional circumstance that warrants reopening her immigration proceeding. Rather, she argues that her young age (thirteen years old) prevented her from navigating the immigration process to change the location of her hearing without legal assistance and from securing transportation from New York to Memphis. Under the totality of the circumstances, E.A.'s young age is an important factor in determining whether exceptional circumstances exist. *See Denko*, 351 F.3d at 723 ("An IJ considers the totality of the circumstances when making a determination that exceptional circumstances exist.").

After E.A. moved to Arkansas, her mother was able to complete the Motion to Change Venue and Change of Address Forms because she received *pro bono* legal assistance. A.R. at 150 (Aff. of Anaya Ortiz). When E.A. and her family returned to New York, her mother, despite her best efforts, was unable to obtain new *pro bono* or private legal counsel to submit new forms. *Id.* Without legal counsel, her mother's partner contacted the Memphis EOIR himself to attempt to change the location of E.A.'s immigration hearing, but was unable to find the necessary information. *Id.*

E.A.'s age also limited her options to travel from New York to Memphis for her immigration hearing. She was unable to travel alone to Memphis because she was only thirteen, not old enough to drive, and she did not have the documentation necessary to travel by plane. *Id.* Her mother was unable to drive her to Memphis because the mother was still recovering from childbirth and tending to a newborn. *Id.* The other adult in E.A.'s life, her mother's partner, could not miss work for the week needed to travel to the immigration hearing. *Id.*

The cases cited by the government in support of the BIA's determination are distinguishable from the present case. For instance, the government relies on the unpublished case *Jimenez-Castro v. Sessions*, 750 F. App'x 406 (6th Cir. 2018). Gov't Br. at 17. Jimenez-Castro's case does not compare to the present case. In *Jimenez-Castro*, we held that the minor petitioner's failure to appear at his hearing because his brother forgot the hearing date and did not bring him to the hearing was not an exceptional circumstance that merited reopening his immigration case. By contrast, E.A.'s case involves numerous impediments that prevented her from attending her immigration hearing, including her inability to change the location of the hearing, her inability to secure transportation from New York to Memphis, and her mother's recent childbirth. Moreover, the difficulties that prevented E.A. from attending her immigration hearing surpass those present in Jimenez-Castro's case. To attend her hearing, E.A. was responsible for either navigating a complex immigration system to change her hearing location or for obtaining transportation from New York to Memphis. Therefore, the government's reliance on *Jimenez-Castro* is not persuasive.

Similarly, the government relies on cases from other circuits to argue that the BIA reasonably concluded that E.A.'s mother's partner's inability to leave work to drive E.A. to the hearing was not an exceptional circumstance justifying her failure to appear at the immigration hearing. Gov't Br. at 19. We are not bound by these cases, and we also find them distinguishable from the present case. In *Burton v. United States Attorney General*, the Eleventh Circuit held that the BIA did not abuse its discretion in concluding that the adult petitioner's inability to find transportation because his attorney failed to inform him promptly of his hearing date was not an "exceptional circumstance." 390 F. App'x 870, 872 (11th Cir. 2010). The government's brief also cites a case from the Seventh Circuit involving a thirty-two-year-old,

which stated that "[c]ar-troubles—surely a perennial issue—have also been rejected" as an exceptional circumstance. Gov't Br. at 19 (quoting *Uriostegui v. Gonzales*, 415 F.3d 660, 664 (7th Cir. 2005)). In E.A.'s case, the BIA faulted a thirteen-year-old girl for not finding someone to drive her from New York to Memphis and then back. E.A.'s circumstances are not comparable to an adult petitioner who is unable to find transportation to a nearby hearing or who experiences car troubles.

In sum, we conclude that the BIA abused its discretion by denying E.A.'s motion to reopen. E.A.'s mother's recent childbirth is a serious medical event, which coupled with E.A.'s minor age, her difficulty obtaining transportation, and her difficulty navigating the immigration system without assistance, constitute "exceptional circumstances" necessitating rescission of the *in absentia* removal order.

## B. The BIA's Legal Errors

The BIA's decision was also contrary to law, and therefore an abuse of discretion. *See Daneshvar*, 355 F.3d at 625–26. First, the BIA improperly considered E.A.'s age separately, rather than considering age alongside other factors, when determining that she had not shown that exceptional circumstances justified her failure to appear. Second, the BIA erred when it dismissed without adequate explanation E.A.'s evidence that she is eligible for SIJS. Finally, the BIA improperly stated that E.A. was required to present *prima facie* evidence that she was eligible for immigration relief as part of her motion to reopen.

First, the BIA improperly construed E.A.'s argument as a contention that her age should be a *per se* exceptional circumstance, rather than just one factor that the BIA should consider as part of its totality-of-the-circumstances analysis. As the BIA stated:

> While the respondent argues that she was only 13 years old at the time of her hearing, a minor respondent's age has not been held to be per se an exceptional circumstance that would excuse the minor respondent's failure to appear for a hearing regardless of the presence of a parent, guardian, or any other custodial adult (Respondent's Br. at 7). *Cf. Matter of Mejia-Andino*, 23 I. & N. Dec. 533, 536 (B.I.A. 2002) (recognizing that a parent or custodial adult is ultimately responsible for a minor's appearance at a hearing); *Matter of Gomez-Gomez*, 23 I. & N. Dec. 522, 528 (B.I.A. 2002).

AR 3.  Yet in her brief to the BIA and in her brief to this court, E.A. never asserts that her age alone is a *per se* exceptional circumstance.  Rather, she argues that the BIA should consider age in conjunction with other factors, such as her mother's recent childbirth, her inability to secure transportation to Memphis, her lack of legal counsel and difficulties changing the venue, and her eligibility for SIJS.  Pet.'s Br. at 14; A.R. at 21–23.  In considering E.A.'s age separately from the other factors, the BIA failed to consider E.A.'s argument.  The government contends that "the Board merely observed that age, standing alone, is not *per se* an exceptional circumstance, and therefore addressed her claim under the totality of the circumstances."  Gov't Br. at 17 n.1.  In rebutting E.A.'s argument, the government attempts to put words in the BIA's opinion by construing the BIA's reference to "the totality of the circumstances presented" to include E.A.'s age.  Gov't Br. at 17 n.1.  The BIA said no such thing.  Rather, the BIA first stated that E.A.'s age is not a *per se* exceptional circumstance and then addressed other factors raised by her.  A.R. at 3–4.  This error is especially relevant to E.A.'s case because of the close relationship between her age and her inability to secure legal representation, to navigate changing the location of her immigration hearing without legal representation, and to secure transportation from New York to Memphis.

Second, the BIA erred by summarily dismissing without a rational explanation evidence of E.A.'s eligibility for Special Immigrant Juvenile Status ("SIJS").  E.A. asserts that she is eligible for SIJS, a form of relief for immigrants who are under twenty-one years old, unmarried, and placed under the custody of a person appointed by a juvenile court because "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis . . . ."  8 U.S.C. § 1101(a)(27)(J).  E.A.'s mother stated in her affidavit that she was pursuing guardianship of E.A. because E.A.'s father had abandoned E.A. and that she would apply for SIJS for E.A.  A.R. at 151 (Aff. of Anaya Ortiz).  Throughout E.A.'s immigration proceedings, she maintained her eligibility for and intent to apply for SIJS.  At E.A.'s January 3, 2018 telephonic hearing, her prior counsel indicated that she was seeking SIJS.  *Id.* at 16 (Pet.'s BIA Br. at 2).  While living in Arkansas, her mother had retained Catholic Charities in Arkansas to obtain the required guardianship order.  A.R. 161–62 (Catholic Charities Representation

Agreement), 164 (Pet. for Appointment of Guardian Hr'g).**3**  In her motion to reopen, E.A. stated that she met the criteria for SIJS and intended to apply for SIJS.  *Id.* at 136 (Mot. to Reopen).

Instead of engaging with E.A.'s repeatedly asserted intent to apply for SIJS and her eligibility for the status, the BIA concluded in a one-sentence explanation that "the respondent has not provided sufficient evidence before the Immigration Judge or on appeal of her eligibility for such relief."  *Id.* at 4 (BIA Decision).  E.A. argues that this is insufficient because "[t]he BIA did not mention the requirements of SIJS or the evidence that the Petitioner submitted, nor did it provide any explanation for why the Petitioner's evidence was insufficient."  Pet.'s Br. at 18. The government contends that the BIA did not err because E.A. "did not submit any evidence that she was pursuing Special Immigrant Juvenile Status since moving back to New York, nor did she provide any evidence that she was eligible for such status in the first instance."  Gov't Br. at 21–22.  Although E.A. eventually obtained an Order of Guardianship, filed a Petition for Special Immigrant Status, and received approval of her petition from USCIS, this occurred after the BIA's decision and is not part of E.A.'s Administrative Record.  *Id.* at 22 n.4.

We agree with E.A. that the BIA's analysis is insufficient regarding her claim that she is eligible for SIJS.  "When denying a motion to reopen, we require that the BIA articulate a basis for its decision that will allow this court to engage in meaningful review."  *Dieng v. Barr*, 947 F.3d 956, 963 (6th Cir. 2020).  In cases where the BIA has failed to provide sufficient explanation, we remand the case to the BIA for further consideration.  *Precetaj v. Sessions*, 907 F.3d 453, 458 (6th Cir. 2018) (remanding to the BIA where the BIA's analysis of petitioner's evidence alleging changed country conditions was only two sentences).  One sentence is insufficient to analyze E.A.'s claim that she is eligible for SIJS, especially given the evidence she offered in support of her eligibility.  Further, we "may not assume that the Board considered factors that it failed to mention in its opinion."  *Daneshvar*, 355 F.3d at 626.  Even if the government's interpretation of the BIA's reasoning is correct, we may not presume the BIA's reasoning when it has failed to provide any explanation.

---

**3**E.A. moved to New York prior to the hearing in Memphis.  *Id.* at 149 (Aff. of Anaya Ortiz).

Finally, the BIA erred by stating that E.A. was required to prove *prima facie* eligibility for immigration relief. After concluding that the IJ properly held that E.A. had not established that her failure to appear resulted from "exceptional circumstances," the BIA stated:

> Further, even if the respondent had established "exceptional circumstances" to rescind the in absentia removal order, reopening her removal proceedings would not be warranted as she failed to establish prima facie eligibility for any form of relief and has not shown that the outcome of her case would change if the case were reopened.

A.R. at 4 (BIA Decision).

The BIA's decision improperly states that E.A. is required to show at this stage *prima facie* eligibility for relief. The statute governing motions to reopen removal orders entered *in absentia* provides that the petitioner must "demonstrate[] that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C). In general, we have stated that "[a] *prima facie* showing of eligibility for relief is required in motions to reopen." *Alizoti*, 477 F.3d at 451–52. In the case of a motion to rescind a removal order entered *in absentia*, however, the BIA has held that "an alien is not required to show prejudice in order to rescind an order of deportation" or removal. *In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473 n.2 (BIA 1996); *see also In re Rivera-Claros*, 21 I. & N. Dec. 599, 603 n.1 (BIA 1996). This is consistent with the statute governing motions to rescind removal orders entered *in absentia*, 8 U.S.C. § 1229a(b)(5)(C), which does not list a showing of *prima facie* eligibility for relief from removal as a requirement to rescind *in absentia* removal orders. *Rivera-Claros*, 21 I. & N. Dec. at 603 n.1; *see also Galvez-Vergara v. Gonzales*, 484 F.3d 798, 803 n.6 (5th Cir. 2007) (declining "to affirm the IJ's decision on the grounds that [the petitioner] has not shown that he was prejudiced by his counsel's performance" because "*In re Grijalva-Barrera*, 21 I. & N. Dec. at 473 n.2, provides that an alien need not demonstrate prejudice for his counsel's erroneous advice to constitute an 'exceptional circumstance' justifying rescission of an *in absentia* removal order"); *Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003) ("follow[ing] the BIA's usual practice of not requiring a showing of prejudice" to rescind an *in absentia* order of removal). We now join our sister circuits and hold that E.A. is not required to make a *prima facie* showing of eligibility

for relief in order to obtain rescission under 8 U.S.C. § 1229a(b)(5) of the *in absentia* order of removal.

In sum, we hold that the BIA abused its discretion when it concluded that E.A. had not shown exceptional circumstances justifying her failure to appear at her immigration hearing. We therefore vacate the *in absentia* order of removal. Moreover, we additionally hold that the BIA made several legal errors in its analysis.

## IV. CONCLUSION

For the foregoing reasons, we **GRANT** the petition for review, **VACATE** the removal order, and **REMAND** for further proceedings consistent with this opinion.