NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0211n.06

No. 20-3916

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 21, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ABDALSALAM OMRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Abdalsalam Omran petitions this court for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the denial of his motion to reopen his removal proceedings and rescind a removal order entered in absentia. As set forth below, we deny in part and dismiss in part the petition for review.

In November 2015, Omran, a native and citizen of Israel and the Occupied Territories, entered the United States as a nonimmigrant B-2 visitor with authorization to remain for a six-month period. Omran submitted an asylum application in October 2016. On March 2, 2018, the Department of Homeland Security detained Omran and served him with a notice to appear in removal proceedings, charging him with remaining in the United States for a time longer than permitted by his visa. *See* 8 U.S.C. § 1227(a)(1)(B). Thomas Gilbert subsequently entered an appearance as Omran's attorney. At a hearing before the immigration court on March 26, 2018, Omran, through counsel, admitted the factual allegations set forth in the notice to appear and conceded removability as charged. During that hearing, the immigration court provided Gilbert

with a notice scheduling a hearing for April 26, 2018.  Two days after the hearing, on March 28, 2018, the immigration court sent Gilbert another notice scheduling a hearing for May 29, 2018. Gilbert appeared at the hearing on May 29, 2018, but Omran did not.  At that hearing, the immigration judge ("IJ") found that removability had been established as charged and ordered that Omran be removed in absentia.

Two weeks later, Omran filed a motion to reopen his removal proceedings and rescind the in absentia removal order based on exceptional circumstances, asserting that counsel provided ineffective assistance by failing to keep him apprised of the scheduled hearing date.  The IJ denied Omran's motion to reopen and again ordered his removal.  The IJ first found that reopening based on lack of notice was unwarranted because counsel received the hearing notice.  With respect to Omran's ineffective-assistance claim, the IJ pointed out that Omran complained about his current counsel and that the procedural requirements for ineffective-assistance claims established by *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), relate to *former* counsel.  The IJ went on to determine that Omran had failed to comply with the *Lozada* requirements: his affidavit inadequately detailed his agreement with counsel and counsel's failures; he provided an affidavit from another attorney at the firm, Svetlana Schreiber, rather than counsel of record; and he failed to file a complaint with the appropriate disciplinary authorities or provide an explanation for that failure.  Finally, the IJ declined to find that sua sponte reopening was warranted.

Omran filed a motion to reconsider the IJ's decision denying his motion to reopen, purportedly correcting the prior motion's deficiencies.  While his motion to reconsider was still pending, Omran filed a notice of appeal in the BIA, which divested the immigration court of jurisdiction over the motion to reconsider.  *See* 8 C.F.R. § 1003.23(b)(1).  Omran subsequently

moved the BIA to remand to the immigration court to allow him to apply for adjustment of status based on an approved petition for alien relative filed by his United States citizen wife.

The BIA dismissed Omran's appeal from the IJ's denial of his motion to reopen. According to the BIA, the IJ properly concluded that reopening was not warranted based on deficient notice because the immigration court satisfied the notice requirements. Recognizing that ineffective assistance of counsel may constitute an exceptional circumstance to support reopening, the BIA determined that Omran had failed to comply with the *Lozada* requirements: Omran's affidavit inadequately detailed his agreement with counsel and counsel's deficiencies, counsel failed to acknowledge his deficient performance or report his deficient performance to the relevant disciplinary authorities, and Omran failed to explain why he had not pursued a bar complaint against counsel. The BIA also found that Omran had failed to demonstrate prejudice or a denial of fundamental fairness based on counsel's conduct, stating that he had not challenged his removability as charged in the notice to appear, that he had not shown a reasonable probability of prevailing on his asylum application, and that he was not the beneficiary of an approved petition for alien relative at the time of the final hearing and therefore was not prima facie eligible for that form of relief when the removal order was entered. Finally, the BIA was unpersuaded that exceptional circumstances warranted sua sponte reopening. One Board member dissented, stating that he would have sustained the appeal based on the totality of the circumstances, including Omran's timely filing of the motion to reopen and the absence of any apparent bar to his eligibility for adjustment of status.

Omran filed a timely petition for review of the BIA's order. Omran argues that the BIA erred in (1) concluding that he had failed to comply with the *Lozada* requirements, (2) concluding

that counsel's actions did not prejudice his case before the immigration court, and (3) declining to reopen his case sua sponte.

"Where the BIA provides its own reasoning for denying a motion to reopen rather than summarily affirming the IJ, we review the BIA's decision as the final agency determination." *Sanchez v. Holder*, 627 F.3d 226, 230 (6th Cir. 2010). We review the denial of a motion to reopen for abuse of discretion. *Kada v. Barr*, 946 F.3d 960, 963 (6th Cir. 2020). "In the case of a denial of a motion to reopen, we look to whether the denial 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *E.A.C.A. v. Rosen*, 985 F.3d 499, 503–04 (6th Cir. 2021) (quoting *Bi Feng Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009)).

A removal order entered in absentia may be rescinded upon the timely filing of a motion to reopen demonstrating "that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). "Ineffective assistance of counsel can constitute exceptional circumstances for purposes of filing a motion to reopen." *Paz-Martinez v. Barr*, 828 F. App'x 302, 306 (6th Cir. 2020) (citing *Scorteanu v. INS*, 339 F.3d 407, 413 (6th Cir. 2003)).

The BIA determined that Omran had failed to comply with the *Lozada* requirements. Under *Lozada*, a motion to reopen based on ineffective assistance of counsel must be supported by:

> 1) an affidavit setting forth "in detail the agreement that was entered into with former counsel with respect to the actions to be taken," as well as any representations made by counsel to the [movant]; 2) proof that the movant has informed former counsel of the allegations in writing, as well as any response received; and 3) a statement detailing "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."

*Scorteanu*, 339 F.3d at 414 (quoting *Lozada*, 19 I. & N. Dec. at 639).

According to the BIA, Omran's affidavit inadequately detailed his agreement with counsel and counsel's deficiencies. With respect to the scope of counsel's representation, Omran's affidavit stated: "My uncle drove me on several occasions to see the attorney when I went to prepare my Asylum application. When I was detained by ERO and placed in Immigration proceedings, my uncle worked closely with the Attorney to help with bond Motion, and get me released from ICE Custody." Neither Omran's nor his uncle's affidavit identified counsel by name or provided any further information about the agreement with counsel, including whether counsel agreed to represent Omran throughout his removal proceedings. Omran's affidavit further stated: "No notice was sent to my address and no one called to confirm I knew about the hearing." Omran made no affirmative claim that counsel rendered ineffective assistance by failing to keep him apprised of the scheduled hearing date.

The BIA also found that Omran had failed to comply with the third *Lozada* requirement: Omran neither filed a bar complaint against counsel nor explained why he declined to do so. Omran argues that failure to file a bar complaint is excused "where counsel acknowledged the ineffectiveness and made every effort to remedy the situation." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 157 (3d Cir. 2007). But we have not adopted this approach to the reporting requirement. *See, e.g.*, *Ibarra-Reina v. Lynch*, 651 F. App'x 427, 432 (6th Cir. 2016); *Komi v. Gonzales*, 186 F. App'x 597, 600 (6th Cir. 2006). The BIA observed that Omran's failure to comply with the reporting requirement "is particularly problematic here, as [he] remains represented by the same counsel who allegedly performed deficiently before the Immigration Court[.]" The BIA noted that the reporting requirement plays an important role in rooting out meritless or collusive ineffective-assistance claims:

> The requirement that disciplinary authorities be notified of breaches of professional conduct not only serves to deter meritless claims of ineffective representation but also highlights the standards which should be expected of attorneys who represent persons in immigration proceedings, the outcome of which may, and often does, have enormous significance for the person.

*Lozada*, 19 I. & N. Dec. at 639-40.

The BIA did not abuse its discretion in determining that Omran had failed to comply with the *Lozada* requirements. By failing to comply with those requirements, Omran forfeited his claim of ineffective assistance as a basis for reopening his removal proceedings. *See Pepaj v. Mukasey*, 509 F.3d 725, 727 (6th Cir. 2007).[1]

Finally, Omran argues that the BIA erred in declining to reopen his case sua sponte, asserting that relief in the forms of asylum and adjustment of status would be available to him if his removal proceedings were reopened. The decision whether to invoke sua sponte authority to reopen removal proceedings "'is committed to the unfettered discretion of the BIA' and therefore is not subject to judicial review." *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (quoting *Harchenko v. I.N.S.*, 379 F.3d 405, 410–11 (6th Cir. 2004)). Accordingly, we lack jurisdiction to review the BIA's discretionary decision to decline to reopen Omran's case sua sponte.

For these reasons, we deny in part and dismiss in part Omran's petition for review.

---

[1]We note one issue with the BIA determining that Omran had failed to demonstrate prejudice or a denial of fundamental fairness based on counsel's actions—the BIA has held that a movant is not required to show prejudice to rescind an in absentia removal order based on ineffective assistance of counsel. *In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473 n.2 (B.I.A. 1996); *see E.A.C.A.*, 985 F.3d at 509 (holding that a movant "is not required to make a *prima facie* showing of eligibility for relief in order to obtain rescission under 8 U.S.C. § 1229a(b)(5) of the *in absentia* order of removal"). However, the BIA's failure to follow its own precedent is ultimately inconsequential in this case because Omran forfeited his ineffective-assistance claim by failing to comply with the *Lozada* requirements.