**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

─────────

**No. 20-2255**

─────────

GERSON YOEL RODAS-CARIAS,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

─────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────

Submitted: July 29, 2021                 Decided: September 9, 2021

─────────

Before NIEMEYER, DIAZ, and RICHARDSON, Circuit Judges.

─────────

Petition granted; vacated and remanded by unpublished per curiam opinion.

─────────

Njinuwo C. Bayelle, Silver Spring, Maryland, for Petitioner. Brian M. Boynton, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Lance L. Jolley, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerson Yoel Rodas-Carias petitions for review of the order of the Board of Immigration Appeals ("Board"), dismissing his appeal from the immigration judge's ("IJ") decision denying his motion to reopen and rescind the in absentia removal order. We grant the petition for review and remand to the Board for further proceedings.

Rodas-Carias admitted being a citizen of Honduras after he was arrested near the Rio Grande River in Texas by a Border Patrol Agent. He was not in possession of any documents that would allow him to remain in the United States. Rodas-Carias was 17 years old when he entered the United States. On October 31, 2018, Rodas-Carias was served with a notice to appear by mail from the immigration office in Baltimore, Maryland. The notice charged Rodas-Carias with removability because he was a native and citizen of Honduras who had entered the United States without a valid entry document. Rodas-Carias was notified that any notice of hearing will be mailed to his last known address. He was further notified that failure to appear at a hearing could result in the entry of an order of removal.

On February 28, 2019, the immigration court in Baltimore, Maryland, mailed a notice of hearing instructing Rodas-Carias to appear in court on November 14, 2019, for his master calendar hearing. On November 14, 2019, the immigration court issued an in absentia order of removal indicating that Rodas-Carias did not appear and the Government established that Rodas-Carias was removable as charged. On December 31, 2019, Rodas-Carias, through counsel, moved to reopen the proceedings and rescind the in absentia order of removal. Rodas-Carias requested reopening for the purpose of applying for Special

2

Immigration Juvenile Status (SIJS).[1]  The motion indicated that Rodas-Carias lived with his grandmother at the address where the notice of hearing was mailed.  The motion further acknowledged that Rodas-Carias failed to appear at the November 14, 2019, hearing.  In a sworn statement, Rodas-Carias acknowledged living with his grandmother since his arrival, but that he did not receive notice of the November 14, 2019, hearing.  Rodas-Carias submitted an order to show cause from the Circuit Court for Montgomery County, Maryland, dated October 22, 2019.  The order indicated that Rodas-Carias was petitioning for appointment of a guardian.  The court set the next hearing for February 20, 2020.  (Administrative Record ("A.R.") at 75).  The IJ denied reopening, stating that "exceptional circumstances of lack of notice is not shown."  (A.R. at 47).

On appeal to the Board, Rodas-Carias asserted that he failed to appear at the hearing due to lack of notice and he faulted the IJ for not articulating the reasons for the denial.  He also noted that, on June 5, 2020, his I-360 petition for SIJS was approved.[2]  On October

---

[1] An alien "who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence" may be accorded Special Immigrant Juvenile Status. 8 U.S.C. § 1101(a)(27)(J)(i), (ii).

[2] SIJS extends relief for "immigrants who are under twenty-one years old, unmarried, and placed under the custody of a person appointed by a juvenile court because 'reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis.'" *E.A.C.A. v. Rosen*, 985 F.3d 499, 507 (6th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(27)(J)(i)).

23, 2020, the Board adopted and affirmed the IJ's decision and dismissed Rodas-Carias' appeal. The Board noted that service of the notice was sufficient if it was mailed to the most recent address for the noncitizen, and that it was presumed that regular mail is received if it is properly addressed and mailed according to normal office procedures, citing *In re M-R-A-*, 24 I. & N. Dec. 665, 673 (B.I.A. 2008). The Board further noted that Rodas-Carias' notice of hearing was presumed to have been received because it was mailed to the correct address and not returned as undeliverable.

The Board acknowledged that the presumption of delivery can be rebutted if Rodas-Carias shows that he acted with due diligence in moving to reopen proceedings and had filed any applications for relief. The Board concluded that Rodas-Carias did not demonstrate due diligence because he did not indicate in his motion to reopen when he learned that the in absentia order of removal had been entered. In determining whether Rodas-Carias had filed any applications for relief, the Board acknowledged that Rodas-Carias had an approved visa petition, dated June 5, 2020. But the Board noted that Rodas-Carias filed the petition on March 9, 2020, after he filed the motion to reopen. Because Rodas-Carias did not show due diligence or that he had filed any applications for relief before the master calendar hearing, the Board concluded that Rodas-Carias had not rebutted the presumption that his notice of hearing was delivered. The Board also found that Rodas-Carias had not established exceptional circumstances excusing his absence. The Board also declined to sua sponte reopen the proceedings.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b)(3) (2021); *Mosere v. Mukasey,* 552 F.3d 397, 400 (4th Cir. 2009). The Board

4

abuses its discretion "if it fails to offer a reasoned explanation for its decision or if it distorts or disregards important aspects of the applicant's claim." *Tairou v. Whitaker*, 909 F.3d 702, 706 (4th Cir. 2018) (brackets and internal quotation marks omitted). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Sadhvani v. Holder,* 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). We will reverse the denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." *Mosere,* 552 F.3d at 400 (internal quotation marks omitted).

A motion to reopen and rescind the removal order may be filed at any time if the noncitizen demonstrates that the failure to appear was due to lack of notice. 8 U.S.C. § 1229a(b)(5)(C)(ii). We have held that "the agency is entitled to a presumption of effective delivery" when serving the notice of hearing by regular mail. *Nibagwire v. Gonzales,* 450 F.3d 153, 156 (4th Cir. 2006). "The delivery presumption is based on common experience that most letters are delivered, but some aren't." *Id*. (brackets and internal quotation marks omitted). We noted that the delivery presumption for regular mail is something less than the "strong presumption" of delivery for certified mail. *Id.*

The Board has determined that, "when an [IJ] adjudicates a . . . motion to reopen to rescind an in absentia order of removal based on a claim that a Notice to Appear or Notice of Hearing sent by regular mail to the most recent address provided was not received, all relevant evidence submitted to overcome the weaker presumption of delivery must be

5

considered." *In re M-R-A-,* 24 I. & N. Dec. at 673-74. The Board listed the following factors that should be considered:

> (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice. [The Board] emphasize[d] that these are just examples of the types of evidence that can support a motion to reopen. Immigration Judges are neither required to deny reopening if exactly such evidence is not provided nor obliged to grant a motion, even if every type of evidence is submitted. Each case must be evaluated based on its own particular circumstances and evidence.

*Id.* at 674.

Relevant to the Board's dismissal of Rodas-Carias' appeal was whether he had filed any applications for relief from removal. An application for relief would suggest that the Rodas-Carias had an incentive to appear at the master calendar hearing. The Board observed that Rodas-Carias did not petition for SIJS until March 9, 2020, after the master calendar hearing on November 14, 2019.

But, as we noted, the record shows that Rodas-Carias actually applied for appointment of a guardian and a finding of SIJS prior to the master calendar hearing, with the Circuit Court for Montgomery County, Maryland. (A.R. at 75). On October 22, 2019, the Circuit Court issued an order to show cause directing that Rodas-Carias' parents be served with the order and Rodas-Carias' petition, and that the parents respond to the order

6

on or before February 10, 2020. The court scheduled the next hearing for February 20, 2020.

Pursuant to 8 C.F.R. § 204.11(c)(3) (2021), an alien is not eligible for SIJS unless the alien "[h]as been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court." In order to receive SIJS, an I-360 petition must be filed with the United States Citizenship and Immigration Services ("USCIS") showing that a court of competent jurisdiction has found the alien to be dependent upon that court. 8 C.F.R. § 204.11(d)(2)(i). Thus, it does not appear that Rodas-Carias could even submit a viable I-360 petition until after he was declared dependent upon the state court, which presumably did not occur until on or about February 20, 2020, after the master calendar hearing. The approval notice issued by the USCIS indicates that Rodas-Carias filed his I-360 petition on March 9, 2020. (A.R. at 25).

We conclude that the Board overlooked relevant evidence on the issue of whether Rodas-Carias sought relief from removal and whether he had an incentive to appear at his master calendar hearing. While we do not assign weight to the overlooked evidence, we conclude that remand is necessary for the Board to consider the entire record.

Accordingly, we grant the petition for review and remand to the Board for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION GRANTED;*
*VACATED AND REMANDED*

7